**In re UNITEC ELEVATOR SERVICES COMPANY d/b/a VTM Elevator Company, VTM Elevator Company, Naes Central, Inc., Naes Central, Inc., formerly known as Unitec Elevator Services, and Naes Central, Inc., d/b/a VTM Elevator Company, Relators.**

No. 01–05–00005–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 2, 2005.

Christopher Charles Rosas, Evelyn Ailts
Derrington, Neal David Kieval, Lynne M.

Jurek, Phillips & Akers, P.C., Houston, TX, for Appellant.

Daryl L. Moore, Storey, Moore & McCally, P.C., Jonathan Sol Harris, Schecter, McElwee & Shaffer, L.L.P., Melissa Ann Nance, Christopher Keith Harshbarger, Kelly, Smith & Murrah, P.C., Jonathon Bruce Smith, Baker Botts L.L.P., Gordon Blaine Morgan, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and ALCALA.

## OPINION

TERRY JENNINGS, Justice.

By petition for writ of mandamus, relators, Unitec Elevator Services Company d/b/a VTM Elevator Company, VTM Elevator Company, NAES Central, Inc., NAES Central, Inc., formerly known as Unitec Elevator Services, and NAES Central, Inc., d/b/a VTM Elevator Company, challenge the trial court's orders of April 5, 2004 and December 20, 2004, denying relators' motions for leave to designate responsible third parties in the underlying lawsuit.[1] *See* TEX. CIV. PRAC. & REM.CODE ANN. § 33.004 (Vernon Supp.2004–2005). In their sole issue, relators contend that the trial court clearly abused its discretion in denying their first, second, and third motions for leave to designate responsible third parties in the underlying lawsuit.

We deny the petition.

### Factual and Procedural Background

In the underlying lawsuit, real parties in interest Mary Theresa Bryant and Anna Menses, allege that, on November 1, 2001, while working for Southwestern Bell Telephone Company ("Southwestern Bell") at a building located on 3303 Weslayan Street in Houston, they sustained personal injuries when the elevator in which they were riding fell three stories. Plaintiffs further allege that, although the relators were responsible for the maintenance of the elevator and had knowledge that the elevator was having mechanical failures, relators returned the elevator to service before the accident without ensuring that it was in a safe working condition. Plaintiffs have brought claims of negligence and gross negligence against relators and seek actual and punitive damages.

David Trujillo and Rawle Frank have intervened in the lawsuit, alleging that they too were passengers in an elevator located at the Southwestern Bell building on 3303 Weslayan and, following a loss of power, the elevator in which they were riding fell three floors, causing them personal injuries. Trujillo and Frank have brought claims of negligence and malice against relators, and seek actual and punitive damages.[2]

### *Southwestern Bell Telephone Company*

The case was originally set for trial on June 1, 2004. On March 25, 2004, relators filed a motion for leave to designate Southwestern Bell as a responsible third party,

1. *Mary Theresa Bryant, et al. v. Unitec Elevator Services Company D/B/A VTM Elevator Company, et al.,* cause No.2003–43576, pending in the 133rd District Court, Harris County, Texas, the Hon. Lamar McCorkle presiding.

2. Helmsman Management Services Company ("Helmsman"), the workers' compensation carrier for Southwestern Bell, also intervened, seeking subrogation for workers' compensation benefits paid to plaintiffs and intervenors. Helmsman alleged that, at the time of the incident, plaintiffs and intervenors were in the course and scope of their employment with Southwestern Bell and that, after the accident, it paid medical expenses and compensation benefits to plaintiffs and intervenors pursuant to its workers' compensation policies.

alleging that (1) plaintiffs and intervenors were employees of Southwestern Bell at the time of the incident; (2) Southwestern Bell was the owner of the building in which the elevators were located; (3) Southwestern Bell had the right of control over the building, its elevators, and its electrical power; and (4) Southwestern Bell's conduct was the sole cause of the incident. Plaintiffs, on March 30, 2004, filed an objection to relators' motion, asserting that the building was owned by SBC Communications, a parent company of Southwestern Bell. In their objection, plaintiffs also assert that relators had failed to plead sufficient facts to support their allegations that Southwestern Bell was the owner of the building and was responsible for the incident. On April 5, 2004, the trial court entered an order sustaining plaintiffs' objection to relators' motion for leave to designate Southwestern Bell as a responsible third party, and denying relators' motion "as presented."

On November 10, 2004, relators filed a request for reconsideration and an amended motion for leave to designate Southwestern Bell as a responsible third party, alleging that the construction of the Southwestern Bell building as well as the defective design and manufacture of the elevator may have contributed to the incident. Relators also allege that Southwestern Bell was responsible for the unreasonably dangerous condition, had a duty to warn of such a condition, and was responsible for placing the allegedly defective elevator into the stream of commerce. Plaintiffs filed an objection to relators' request for reconsideration and amended motion on November 17, 2004, renewing their argument that relators failed to plead sufficient facts to support their allegations concern-

ing Southwestern Bell's responsibility for plaintiffs' and intervenors' injuries. The request for reconsideration and amended motion remains pending before the trial court.[3]

### Unknown vandals

Relators, on December 1, 2004, filed a second motion for leave to designate unknown vandals as responsible third parties, alleging that the incident was the result of a power surge caused by a fault at an off-site transformer, and that this fault was caused by unknown vandals who damaged the transformer. Relators assert that deposition testimony from employees and experts of "Centerpoint Energy," another named defendant, support these allegations. Plaintiffs filed an objection to this second motion on December 8, 2004, arguing that the "vandal theory" was mere speculation and that relators did not plead sufficient facts to support their allegation that unknown vandals were responsible for the incident. On December 20, 2004, the trial court entered an order sustaining "at this time" plaintiffs' objection to relators second motion for leave to designate unknown vandals as responsible third parties, and denying relators' motion "as presented."

### Centerpoint Energy Houston Electric, L.L.C.

Plaintiffs originally sued a number of other defendants, including Centerpoint Energy Houston Electric, L.L.C. ("Centerpoint"). Plaintiffs alleged that Centerpoint negligently caused a power surge which may have caused the elevator on which the plaintiffs were riding to suddenly and unexpectedly drop three stories. Plaintiffs also alleged that Centerpoint

---

**3.** Our January 26, 2005 order granting the relators' application for an emergency stay of the underlying proceedings has prevented the trial court from ruling on the request for reconsideration and amended motion for leave. Contemporaneously with issuing this opinion, we vacate the order staying the trial proceedings.

negligently created an unreasonably dangerous condition, failed to correct a dangerous condition, failed to exercise reasonable and ordinary care to reduce or eliminate the risk of a power surge, and failed to warn of a dangerous condition. Intervenors made similar allegations against Centerpoint. Centerpoint filed a motion for summary judgment on November 8, 2004, arguing that plaintiffs' and intervenors' claims were precluded as a matter of law because there was no evidence that Centerpoint was negligent or that Centerpoint's negligence caused plaintiffs' and intervenors' injuries. Plaintiffs nonsuited their claims against Centerpoint on December 27, 2004, and intervenors' claims against Centerpoint were dismissed when the trial court granted Centerpoint's summary judgment motion on January 3, 2005.

On January 5, 2005, relators filed a third motion for leave to designate Centerpoint as a responsible third party, alleging that the incident was the result of a power surge from a fault at an off-site transformer and that Centerpoint supplied the electricity and controlled the electrical equipment which contributed to the incident. Relators acknowledge that their third motion for leave was filed beyond the statutorily prescribed deadline, but argued that, because all claims against Centerpoint had been recently dismissed or resolved, good cause existed to permit them to designate Centerpoint. Plaintiffs filed an objection to this third motion on January 12, 2005, explaining that they had dismissed their claims against Centerpoint because Centerpoint's summary judgment motion appeared to have merit, there was no evidence to support the allegations against Centerpoint, and there was no basis for Centerpoint to be submitted as a responsible third party. In their objection, plaintiffs assert that relators had not pleaded sufficient facts to support their allegation

that Centerpoint was responsible for the incident and that the motion was untimely and made without a showing of good cause to permit the designation of Centerpoint as a responsible third party within sixty days of trial. On January 17, 2005, the trial court entered an order sustaining "at this time" plaintiffs' objection to relators' third motion and denying relators' motion "as presented."

The case was reset for trial on February 7, 2005, and on January 26, 2005, we granted relators' motion for temporary relief and stayed all further proceedings in the trial court to consider their petition.

## Standard of Review

■■■ Mandamus is an extraordinary remedy, which is available only when (1) a trial court clearly abuses its discretion and (2) there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004); *In re Supportkids, Inc.,* 124 S.W.3d 804, 807 (Tex. App.-Houston [1st Dist.] 2003, orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). With respect to a trial court's determination of legal principles, "a trial court has no 'discretion' in determining what the law is or applying the law to facts." *In re Prudential,* 148 S.W.3d at 135 (quoting *Walker,* 827 S.W.2d at 840). Thus, a trial court's failure to analyze or apply the law correctly will constitute an abuse of discretion and may result in a reversal by extraordinary writ. *Walker,* 827 S.W.2d at 840.

■■■ The requirement that persons seeking mandamus relief establish the lack of an adequate remedy by appeal is a "fundamental tenet" of mandamus prac-

tice. *Id.* The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Id.* Accordingly, it is well-settled that mandamus will not issue where there is "a clear and adequate remedy at law, *such as a normal appeal.*" *Id.* (emphasis added).

### Mandamus

In their sole issue, relators argue that the trial court abused its discretion in denying their motions to designate Southwestern Bell, unknown vandals, and Centerpoint [4] as responsible third parties because chapter 33 of the Civil Practice and Remedies Code "mandates the fair and accurate apportionment of responsibility among all potential tortfeasors." Relators further argue that, because the trial court's rulings "deprive them of their right to have the entire case, including the issues of proportionate responsibility, submitted at one time," they have no adequate remedy by appeal.

### *Designation of Responsible Third Parties*

In regard to relators' argument that the trial court abused its discretion in denying relators' motions to designate responsible

---

4. Relators challenge the trial court's order denying their third motion for leave to designate Centerpoint as a responsible third party by way of a supplemental petition for writ of mandamus.

5. Section 33.011 was amended in 2003. The amended version, which broadens the definition of a responsible third party, applies to actions filed after July 1, 2003, and thus applies to this action. Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 4.05, 23.02(c), 2003 Tex. Gen. Laws 847, 857, 898. Prior to the 2003 amendments, the definition of a responsible third party was restricted to those persons "to whom all of the following apply: (1) the court in which the action was filed could exercise jurisdiction over the person; (2) the person could have been, but was not, sued by the claimant; and (3) the person is or may be

---

third parties, we note that a trier of fact, as to each cause of action, is required to determine the percentage of responsibility for each claimant, each defendant, each settling person and *each responsible third party* who has been designated under section 33.004 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem.Code Ann. § 33.003(a). "Responsible third party" is defined to mean "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." Tex. Civ. Prac. & Rem. Code Ann. § 33.011(6).[5]

Civil Practice and Remedies Code section 33.004 sets forth the procedures for designating responsible third parties:

(a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause

---

liable to the plaintiff for all or part of the damages claimed against the named defendant or defendants." Act of May 8, 1995, 74th Leg., ch. 136, § 1, 1995 Tex. Gen. Laws 971, *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.05, 2003 Tex. Gen. Laws 847, 857. Under the newly enacted version, a responsible third party may include persons who are not subject to the court's jurisdiction or who are immune from liability to the claimant. Additionally, unlike the predecessor statute, under the amended version a claimant's employer that is a subscriber to the workers compensation system is not precluded from being designated as a responsible third party. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.05, 2003 Tex. Gen. Laws 847, 857.

to allow the motion to be filed at a later date.

. . . .

(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.

(g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:

(1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and

(2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

(h) By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

TEX. CIV. PRAC. & REM.CODE ANN. § 33.004. We consider whether the trial court clearly failed to analyze or apply these statutory provisions to relators' designations of Centerpoint, unknown vandals, and Southwestern Bell. *Walker*, 827 S.W.2d at 840.

*Designation of Centerpoint*

■ Relators filed their motion to designate Centerpoint on January 5, 2005, less than sixty days before the February 7, 2005 trial setting. Thus, the motion was untimely unless the trial court found good cause to allow the motion to be filed. TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(a). Relators argue that such good cause existed because plaintiffs nonsuited their claims against Centerpoint and the trial court granted Centerpoint's summary judgment, dismissing intervenors' claims, within sixty days of trial. Relators assert that, prior to the nonsuit and summary judgment, Centerpoint was a named defendant and would have been submitted to the jury and that plaintiffs' last-minute non-suit should not destroy their right to designate Centerpoint as a responsible third party.

Plaintiffs counter that the trial court did not abuse its discretion in rejecting relators' assertion of good cause because relators waited over 18 months after plaintiffs named Centerpoint as a defendant to seek leave to designate Centerpoint as a responsible third party, and relators knew that plaintiffs could non-suit their claims at any time. Plaintiffs further argue that, at the latest, relators should have filed their motion for leave when Centerpoint filed its summary judgment motion seeking dismissal of all claims against it. Instead, relators waited over sixty days until after the summary judgment motion was filed before filing their motion for leave.

Relators have not established that the trial court clearly abused its discretion in rejecting the assertion of good cause to permit them to designate Centerpoint as a responsible third party within sixty days from the date of trial. Because relators have not established that the trial court committed a clear and prejudicial error of law in rejecting their assertion that good cause existed to allow their motion to designate Centerpoint as a responsible third party, we hold that the trial court did not abuse its discretion in denying their motion for leave to designate Centerpoint as a responsible third party.

*Designation of unknown vandals*

On December 2, 2004, relators filed their first answer containing an allegation against unknown vandals, repeating the allegations made in their second motion for leave to designate unknown vandals as responsible third parties. Relators further allege that these vandals "committed a criminal act" that caused plaintiffs' injuries and that the fault resulting in the power surge which caused the incident "was the result of criminal conduct, including vandalism ... by unknown third party vandals."

Plaintiffs contend that relators designation of the unknown vandals was untimely. Section 33.004(j) provides in relevant part:

(j) Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:

(1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;

(2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and

(3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(j).[6] Plaintiffs argue that, under subsection (j), because relators did not file an answer containing an allegation that unknown vandals committed criminal acts that caused the plaintiffs' injuries within sixty days after filing their original answer, they could not seek to designate the unknown vandals as responsible third parties.

Conversely, relators assert that the language "Notwithstanding any other provision of this section," contained at the beginning of subsection (j), should be construed to mean that in addition to the other available timetables and means to designate responsible third parties under the section 33.004, subsection (j) affords a defendant an independent means to designate unknown individuals within sixty days of a defendant's answer to preclude a plaintiff's right to object. Relators further assert that subsection (j), which prescribes a strict pleading requirement for designating unknown persons, does not provide the exclusive means for designating the unknown vandals and that plaintiffs' interpretation of the statute is contrary to the statute's liberalization of rights afforded to defendants under the revised section 33.004.

■■■ When we construe a statute, we begin with the words used. *Cities of Austin, Dallas, Ft. Worth, and Hereford v. Southwestern Bell Tele. Co.*, 92 S.W.3d 434, 442 (Tex.2002). If a statute is clear and unambiguous, we need not resort to the rules of construction or other aids to construe it. *In re Canales*, 52 S.W.3d 698, 702 (Tex.2001). However, we may also consider the statute's objectives, the legislative history, former statutory and com-

---

**6.** "An unknown person designated as a responsible third party under Subsection (j) is denominated as 'Jane Doe' or 'John Doe' until the person's identity is known." TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(k).

mon law, and the consequences of a particular construction. *Id.*

■ Applying the plain language of subsection (j) and considering section 33.003 as a whole, we find that the statute clearly and unambiguously requires a defendant seeking to designate an unknown person as a responsible third party, based on the person's commission of criminal acts causing the loss or injury that is the subject of the lawsuit, to file an answer containing such allegations no later than sixty days from filing its original answer. TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(j). Here, the record establishes that relators did not file an answer containing the allegations against the unknown vandals until well after sixty days after filing their original answer.[7] Because relators did not timely file an answer containing the required allegations, they are precluded from designating the unknown vandals as responsible third parties. Accordingly, we hold that the trial court did not abuse its discretion in denying relators' second motion for leave to designate the unknown vandals as responsible third parties.

This holding is not inconsistent with the liberalization of rights afforded a defendant in revised section 33.004. While revised section 33.004 clearly recognizes the right of a defendant to submit an unknown person as a responsible third party to a jury for the jury's apportionment of responsibility, subsection (j) provides that as a prerequisite to designating such an unknown person, a defendant must comply with certain pleading requirements likely designed to furnish the other parties with notice that the defendant intends to assert that the claimant's injuries were caused by an unknown criminal. Relators' argument, that subsection (j) merely affords a defendant an additional and independent means to designate unknown persons as responsible third parties, would render the pleading deadlines imposed in subsection (j) meaningless. A defendant would never have an incentive to comply with the pleading requirement in subsection (j) when it could simply wait to designate the unknown person sixty days before trial, and obtain a strategic advantage not intended by the legislature.[8]

*Designation of Southwestern Bell*

Relators' motion to designate Southwestern Bell as a responsible third party was filed more than sixty days before the original trial setting, and thus was timely. TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(a). The trial court was required to grant relators' motion for leave to designate Southwestern Bell as a responsible third party unless another party timely

---

7. The parties focus on the date the second motion for leave was filed. However, section 33.004(j) requires a party to file an answer containing the necessary allegations within sixty days after filing its original answer, not a motion for leave. A party who makes allegations in a timely filed answer in satisfaction of subsection (j)'s requirements could file a motion to designate unknown persons as responsible third parties under the deadlines imposed in section 33.004(a), i.e., at least sixty days before trial. TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(a).

8. Subsection (j) expressly applies to the designation of unknown persons as responsible third parties, and, even absent an objection, requires a defendant seeking to designate an unknown person to satisfy specific pleading requirements before a trial court may grant a motion for leave to designate. TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(j). Subsection (f), on the other hand, expressly applies to the designation of named persons, and compels a trial court to grant a motion to designate a named person unless an objection is filed. TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(f). The structure of section 33.003 indicates that the legislature intended to prescribe different procedures for designating named and unnamed persons. Our holding recognizes and enforces these differing procedures.

objected. TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(f). Plaintiffs' timely objected within fifteen days from the date the motion for leave was served. TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(g). However, even after the plaintiffs timely objected, section 33.004(g) still required the trial court to grant relators' motion for leave, unless plaintiffs established that (1) relators did not plead sufficient facts concerning the alleged responsibility of Southwestern Bell to satisfy the pleading requirements of the Texas Rules of Civil Procedure, and (2) after having been granted leave to replead, relators still did not plead sufficient facts concerning the alleged responsibility of Southwestern Bell. TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(g).

Here, relators specifically alleged that plaintiffs and intervenors were employees of and were working for Southwestern Bell at the time of the incident; that Southwestern Bell was the owner of the building where the incident occurred, and it had the right of control over the building, its elevators, and its electrical power. Relators further alleged that Southwestern Bell solely caused the incident. These detailed pleadings, concerning the responsibility of Southwestern Bell, appear to be sufficient to meet the requirements of the Texas Rules of Civil Procedure.

■ The record does not demonstrate that plaintiffs established (1) that relators failed to plead sufficient facts concerning the alleged responsibility of Southwestern Bell or (2) that relators failed to plead sufficient facts concerning Southwestern Bell's responsibility after having been granted leave to replead. We note that the plain language of section 33.003 makes clear that, in determining whether to grant relators' motion for leave to designate Southwestern Bell as a responsible third party, the trial court was restricted to evaluating the sufficiency of the facts pleaded by relators and was not permitted to engage in an analysis of the truth of the allegations or consider evidence on Southwestern Bell's ultimate liability. *In re Arthur Andersen,* 121 S.W.3d 471, 478 n. 20 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding).[9]

Rather than argue that they met the burdens set forth in section 33.004, plaintiffs argue that, because relators filed a request for reconsideration and amended motion to designate Southwestern Bell as a responsible third party, which is still pending, mandamus relief is premature. Nevertheless, the fact remains that the trial court entered a written order denying relators' motion for leave to designate Southwestern Bell as a responsible third party, and we can discern no reason for the trial court's denial of the motion. However, while mandamus is appropriate to correct a trial court's erroneous interpretation or application of the law, the extraordinary writ will issue only if it is shown that the relator has no adequate

---

9. A party is entitled to challenge the sufficiency of evidence supporting the designation of a responsible third party. After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. TEX. CIV. PRAC. & REM.CODE ANN § 33.003(*l*). The trial court must grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage. *Id.* Additionally, a party may object to the submission of a responsible third party in the jury charge if there is not sufficient evidence to support the submission. TEX. CIV. PRAC. & REM.CODE ANN. § 33.003(b). However, the trial court did not rule on a motion to strike or objection filed under these provisions.

remedy by appeal. *Walker*, 827 S.W.2d at 840.

### Adequate Remedy by Appeal

■ Relators argue that they do not have an adequate remedy by appeal because (1) they may lose substantive rights to seek post-judgment contribution from potential joint tortfeasors, (2) they will lose their substantial right to have one jury apportion liability among all responsible parties, (3) this Court's intervention would give needed and helpful direction on the right to designate responsible third parties, and (4) it would be unfair to require the parties and the trial court to expend costs and resources in a highly complex trial that would be subject to reversal on appeal.

Initially, we must reject relators' argument that mandamus relief is appropriate because they may lose their right to bring a post-judgment claim for contribution against Southwestern Bell.[10] Relators are appealing the denial of a motion for leave to designate Southwestern Bell as a responsible third party, not the denial of a right to join Southwestern Bell in the lawsuit as a contribution defendant. Furthermore, even assuming that relators may lose the right to seek post-judgment contribution from Southwestern Bell,[11] we do not see how it is relevant in determining the adequacy of an appellate remedy in the instant suit.[12] *In re Prudential*, 148 S.W.3d at 139 (stating that "a separate lawsuit is simply not an *appellate* remedy.") (emphasis in original).

In regard to their remaining arguments in support of their request for mandamus relief, relators rely primarily on *In re Arthur Andersen*, 121 S.W.3d 471. In *In re Arthur Andersen*, after the collapse of Enron, investors brought claims against Andersen, Enron's accounting firm, for fraud and misrepresentation. 121 S.W.3d at 474. Andersen sought to join multiple financial institutions as responsible third parties, alleging that these institutions were responsible for plaintiffs' injuries. *Id.* at 474.[13] The trial court denied Andersen's motion, and Andersen sought mandamus relief. *Id.* Our sister court found that the trial court had abused its discretion in denying the motion and further found that Andersen had no adequate remedy at law. *Id.* at 485–86. In support of its holding that Andersen had no adequate remedy at law, the court stated that the law was unsettled on whether Andersen could file a

10. It is doubtful whether relators ever had any substantive rights of contribution against Southwestern Bell. The Labor Code provides that an employer is not liable to third parties for contribution with respect to injuries compensable under the Workers' Compensation Act. Tex. Lab.Code Ann. § 417.004 (Vernon 1996). Though not clearly established in the record, the pleadings indicate that plaintiffs received benefits for their injuries from Southwestern Bell's workers' compensation carrier.

11. The record reveals that relators have asserted a separate claim for contribution against Southwestern Bell, but relators do not seek mandamus relief with respect to this claim.

12. Other courts have discussed this issue in determining if a party has an adequate remedy on appeal. *See In re Arthur Andersen*, 121 S.W.3d at 485 (noting that Andersen may not have "an adequate remedy in a separate suit against third parties"); *In re Martin*, 147 S.W.3d 453, 459 (Tex.App.-Beaumont 2004, pet. denied) (denying mandamus relief on trial court's order striking defendant's timely filed third party petition and noting that defendant could bring a separate post judgment contribution suit against third party).

13. Andersen sought joinder under the version of section 33.004 in effect prior to the 2003 amendments. Under the amended version of section 33.004, which is applicable to this case, a party may be merely designated rather than joined.

separate post-judgment suit for contribution against the third party financial institutions. *Id.* at 485. The court further stated that even if Andersen could pursue a separate post-judgment suit for contribution, it would still be losing "the opportunity to have *one* jury apportion liability among all responsible third parties." *Id.* More importantly, the court explained that the financial institutions' absence would "likely profoundly affect the conduct and outcome of [the] suit in ways unlikely to be apparent in the appellate record" and that "due to the enormity of the facts surrounding the collapse [of Enron]," a separate suit or successful appeal would result in an "enormous waste of resources." *Id.* at 486. Based on this enormous waste of resources, combined with the possibility that Andersen might not be able to prosecute a separate suit or a successful appeal, the court found that there was no adequate remedy at law. *Id.*

*In re Arthur Andersen* is substantively distinguishable from the instant case because here, we are not dealing with the complex, intertwined facts surrounding the collapse of a major corporation, but a relatively straightforward personal injury case. In this case, the trial court's error can be corrected, if necessary, through a "normal appeal," which would not result in an "enormous waste of resources" similar to that in *In re Arthur Andersen.* The circumstances presented in this case are more comparable to those presented in *In re Martin,* 147 S.W.3d 453 (Tex.App.-Beaumont 2004, orig. proceeding), than those presented to our sister court in *In Re Arthur Andersen.*

In *In re Martin,* the parents of a child who drowned in a pool sued the pool owners. 147 S.W.3d at 455. The pool owners filed a motion for leave to join as a third party the person who was responsible for supervising the child at the time of the incident. *Id.* Even though the court found that the defendant properly attempted to join the third party and that there was no apparent reason why the trial court denied the motion, the court held that mandamus relief was not warranted because relator's complaint could be addressed on appeal and a new trial ordered if needed. *Id.* at 459. As explained by the court:

> In certain circumstances, as in *Andersen,* an appeal may be an inadequate legal remedy, but we conclude the complaint in this case can be addressed on appeal and a new trial ordered if necessary. As the *Andersen* court said, "The additional expense and effort of preparing for and participating in two separate trials does not, standing alone, justify mandamus relief."

*Id.* (citations omitted).

In *In re Prudential,* the Texas Supreme Court recently restated that "an appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ." 148 S.W.3d at 136. The relator in *In re Prudential* sought mandamus review of a trial court's refusal to enforce a contractual pre-suit waiver of trial by jury. *Id.* at 129. In determining whether the relator had an adequate remedy by appeal, the supreme court stated that it was required to engage in a "careful balance of jurisprudential considerations" implicating both public and private interests. *Id.* at 136. The supreme court emphasized:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted during eventual rever-

sal of improperly conducted proceedings. An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate.

*Id.* While the supreme court noted that whether an appellate remedy is adequate "depends heavily on the circumstances presented and is better guided by general principles than by simple rules," it was also careful to point out that mandamus relief should be used selectively and that appellate courts "must be mindful ... that the benefits of mandamus review are easily lost by overuse." *Id.* at 137–38. The supreme court determined that mandamus review was appropriate in *In re Prudential* because the trial court's denial of the relator's contractual right could not, in any "real sense," be rectified on appeal, and that the contractual right would be lost forever. *Id.* at 137. The court stated that "[e]ven if [relator] could somehow obtain reversal based on the denial of its contractual right, it would already have lost a part of [its right] by having been subject to the procedure it agreed to waive." *Id.* at 138.

In conducting our balance of jurisprudential considerations, we note that it is true that relators, under chapter 33 of the Civil Practice and Remedies Code, have a right to have one jury apportion liability among all responsible parties. It is also true that, in certain circumstances, a regular appeal of a trial court's order denying a defendant its rights afforded under chapter 33 may be inadequate and that mandamus relief may be appropriate. *See In re Arthur Andersen*, 121 S.W.3d at 483. We recognize that if relators eventually have to appeal the trial court's ultimate judgment, conducting a second trial may result in a waste of judicial resources, compounded by the fact that the only available remedy will likely be to order a new trial, *as to all parties and all issues,* so that the jury may apportion responsibility among all persons who should have been designated under the rules. However, we also have to recognize that, in spite of any error committed by the trial court, it is entirely possible that relators, and not the plaintiffs and intervenors, may ultimately prevail at trial. Moreover, it is entirely possible that other errors presented on appeal may necessitate the order of a new trial. Thus, while we may consider the additional expense and effort of preparing for and participating in another subsequent trial, this factor does not, standing alone, justify mandamus relief if there is an adequate remedy by appeal. *In re Prudential,* 148 S.W.3d at 139.

As instructed by the supreme court in *In re Prudential,* we are mindful that mandamus relief should be used selectively and that the benefits of mandamus review are easily lost by overuse. *Id.* at 138. Although the trial court's order denying relators' their right to designate responsible third parties is not a mere "incidental" ruling, the instant case, a relatively straightforward personal injury action, is not "exceptional." We conclude that granting mandamus relief in this case would encourage litigants to seek mandamus review of all trial court rulings under chapter 33, even in cases, like here, that do not present extraordinary circumstances like those presented in *In re Arthur Andersen.* This would have the effect of adding unproductively to the expense and delay of civil litigation by enabling parties to seek extraordinary relief from appellate courts on rulings related to a trial court's management of all kinds of cases, whether exceptional or not. The potential for appellate courts and parties to incur expense and delay in seeking review of these types of rulings by mandamus is illustrated by the fact that this Court has found, after extensive briefing and argument by the parties and after substantial deliberation,

that the trial court did not clearly abuse its discretion in denying two of three motions at issue in this original proceeding. Moreover, in regard to the third motion, relators have pending before the trial court a request for reconsideration and amended motion to designate Southwestern Bell as a responsible third party.

As emphasized by the supreme court, whether mandamus relief is appropriate "depends heavily on the circumstances presented." *See In re Prudential,* 148 S.W.3d at 137. Here, any benefits to mandamus review are outweighed by the detriments. *Id.* Accordingly, we agree with the reasoning and persuasive authority of *In re Martin,* and we hold that relators have an adequate remedy by appeal with respect to the trial court's denial of its motion for leave to designate Southwestern Bell as a responsible third party. Because relators have an adequate remedy by appeal, the petition for writ of mandamus must be denied.

### Conclusion

Because the trial court did not abuse its discretion in denying relators' second motion for leave to designate unknown vandals as responsible third parties or in denying relators' third motion for leave to designate Centerpoint as a responsible third party, and because relators have an adequate remedy by appeal with respect to the trial court's denial of its motion for leave to designate Southwestern Bell as a responsible third party, the petition for writ of mandamus is denied in all respects. Having disposed of this original proceeding, we lift the stay imposed by our order dated January 26, 2005.

Justice NUCHIA, concurring in result only.