Petition for Writ of Mandamus Denied and Memorandum Opinion filed
February 4, 2009








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed February 4, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00105-CV

____________

 

IN RE INVESTMENT CAPITAL CORPORATION AND SERVICE
CORPORATION INTERNATIONAL, Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On
January 23, 2009, relators Investment Capital Corporation (ICC)
and Service Corporation International (SCI) filed a petition for writ of
mandamus in this court.  See Tex.
Gov=t Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relators ask this court to compel the Honorable Kathleen Stone, presiding judge
of the Probate Court No. 1 of Harris County to grant leave to designate a
responsible third party under section 33.04 of the Texas Civil Practice and
Remedies Code.








On
December 9, 2006, Harold Israel fell from a floor in the parking garage owned
and maintained by SCI Funeral & Cemetary Purchasing Cooperative, Inc. (SCI
Funeral).  ICC owns the adjacent office building and SCI is the parent
corporation of both ICC and SCI Funeral.  Israel suffered fatal injuries, and
on May 24, 2007, his widow (plaintiff) filed a wrongful death suit alleging
negligence, gross negligence, and premises liability against ICC, SCI, and SCI
Funeral.  

On
November 10, 2008, SCI Funeral filed a motion for summary judgment seeking
summary judgment on the grounds that there was no evidence that SCI Funeral was
grossly negligent.  SCI Funeral alleged that because it was Israel=s employer, under the Workers= Compensation Act, SCI Funeral=s potential liability was only for
punitive damages.  See Tex. Lab.
Code Ann. ' 408.001(b).  Because there was no evidence of gross
negligence, SCI Funeral alleged it could not be held liable for punitive
damages.  On December 15, 2008, the plaintiff filed her first amended petition
in which she alleged negligence claims against ICC and SCI and gross negligence
claims only against SCI Funeral.  On December 16, 2008, the trial court granted
summary judgment for SCI Funeral and dismissed it from the suit.  Two days
later, on December 18, 2008, relators moved for leave to designate SCI Funeral
as a responsible third party under section 33.04 of the Civil Practice and
Remedies Code.  








A trier
of fact, as to each cause of action, is required to determine the percentage of
responsibility for each claimant, each defendant, each settling person and each
responsible third party who has been designated under section 33.004 of the
Texas Civil Practice and Remedies Code.  Tex.
Civ. Prac. & Rem. Code Ann. ' 33.003(a).  AResponsible third party@ is defined to mean Aany person who is alleged to have
caused or contributed to causing in any way the harm for which recovery of
damages is sought, whether by negligent act or omission, by any defective or
unreasonably dangerous product, by other conduct or activity that violates an
applicable legal standard, or by any combination of these.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 33.011(6).  A defendant may seek to
designate a person as a responsible third party by filing a motion for leave to
designate that person as a responsible third party.  The motion must be filed
on or before the 60th day before the trial date unless the court finds good
cause to permit the motion to be filed at a later date.  Tex. Civ. Prac. & Rem. Code Ann. ' 33.004(a).  Relators requested leave
to shorten the time to designate a responsible third party because they filed
their motion within 60 days of trial.  On December 30, 2008, the trial court
denied relators= motion.  Relator complains of that denial by filing this
petition for writ of mandamus.

Relators
are not entitled to mandamus relief because they have an adequate remedy at
law.  Relators argue that the trial court=s abuse of discretion will require an
appellate court to reverse any judgment against them and will result in a waste
of judicial resources.  In asserting they have no adequate remedy at law,
relators rely on this court=s opinion in In re Arthur Andersen, 121 S.W.3d 471,
483B84 (Tex. App.CHouston [14th Dist.] 2003, orig.
proceeding).  In Andersen, after the collapse of Enron, investors
brought claims against Andersen, Enron=s accounting firm, for fraud and
misrepresentation.  Id. at 474.  Andersen sought joinder[1]
of multiple financial institutions as responsible third parties, alleging that
these institutions were responsible for the plaintiffs= injuries.  Id. at 474.  The
trial court denied Andersen=s motion, and Andersen sought mandamus relief.  Id. 
This court found that the trial court abused its discretion and that Andersen
had no adequate remedy at law.  Id. at 485B86.  In the unusual circumstances of
the Enron litigation, this court explained that the financial institutions= absence would Alikely profoundly affect the conduct
and outcome of [the] suit in ways unlikely to be apparent in the appellate
record@ and that Adue to the enormity of the facts
surrounding the collapse@ of Enron, a separate suit or successful appeal would result
in an Aenormous waste of resources.@  Id. at 486.  Based on this
enormous waste of resources, combined with the possibility that Andersen might
not be able to prosecute a separate suit or a successful appeal, the court
found that there was no adequate remedy at law.  Id.








However,
this case does not present the sort of extraordinary circumstances that justify
mandamus relief.  See In re Unitec Elevator Serv. Co., 178 S.W.3d 53, 63B64 (Tex. App.CHouston [1st Dist.] 2005, orig.
proceeding).  Whether an appellate remedy is adequate depends heavily upon the
circumstances presented.  See In re Prudential Ins. Co., 148 S.W.3d 124,
137 (Tex. 2004) (orig. proceeding).  In this case, unlike Andersen, the
facts are relatively straightforward and the trial court=s error, if any, can be corrected
through the regular appellate process.  The additional expense and effort of
preparing for and participating in two separate trials does not, standing
alone, justify mandamus relief.  Andersen, 121 S.W.3d at 486.  This
court has previously determined that permitting mandamus relief in cases such
as this one would increase the expense and delay of civil litigation by
enabling parties to pursue extraordinary relief in all cases, whether
exceptional or not.  In re Wilkerson, 14-08-00376-CV, 2008 WL 2777418
(Tex. App.CHouston [14th Dist.] 2008, orig. proceeding) (memo op.).  Therefore,
relators have an adequate remedy at law with respect to the trial court=s denial of their motion for leave to
designate SCI Funeral as a responsible third party.

Relators
have not established their entitlement to the extraordinary relief of a writ of
mandamus.  Accordingly, we deny relators= petition for writ of mandamus.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.

 









            [1]Andersen sought
joinder under a prior version of section 33.04, not applicable to this case,
which required joinder rather than designation.