**Opinion issued November 21, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――――

## NO. 01-12-00859-CV

―――――――――――――

## IN RE ARTIS CHARLES HARRELL, Relator

―――――――――――――

### Original Proceeding on Petition for Writ of Mandamus

―――――――――――――

### MEMORANDUM OPINION

Relator, Artis Charles Harrell, has filed, pro se, a petition for writ of mandamus, challenging the trial court's denial of his motion to recuse the Honorable William R. Burke, Presiding Judge of the 189th District Court of Harris County, Texas.[1]

―――――――――――――

[1] The underlying case is *Harrell v. Brinson*, No. 2006-02867, in the 189th District Court of Harris County, Texas.

We **deny** the petition for writ of mandamus.[2]

## Standard of Review

Mandamus is an extraordinary remedy, which is available only when (1) a trial court clearly abuses its discretion and (2) there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 57 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

## Applicable Law

In his sole issue, relator complains that the trial court abused its discretion by denying his recusal motion. However, "[a]n order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment." TEX. R. CIV. P. 18a(j)(1)(A). Accordingly, relator has an adequate remedy by appeal for the denial of his motion to recuse. *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 429 (Tex. 1998) (orig. proceeding). Because "mandamus is expressly reserved for situations where a relator lacks an adequate remedy by appeal," the

---

[2] *See* TEX. R. APP. P. 52.8(d) (providing that, when denying relief requested in petition for writ of mandamus, "court may hand down an opinion but is not required to do so").

petition for writ of mandamus must be denied. *See In re Reece*, 341 S.W.3d 360 (Tex. 2011) (orig. proceeding).

## Conclusion

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36.

Accordingly, we deny the petition for writ of mandamus.

All pending motions are denied as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Sharp.