In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00031-CV**

_____


**IN RE KERRVILLE BUS COMPANY, INC. AND ELSA VALLADARES**


**Original Proceeding**


**MEMORANDUM OPINION**

In this mandamus proceeding, Kerrville Bus Company, Inc. and Elsa Valladares contend the judge of the 75th District Court of Liberty County abused his discretion by denying their motion to designate responsible third parties in a suit for personal injuries arising from a motor vehicle accident. The designation was filed at least sixty days before trial, as required by statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a) (West 2015). The real party in interest, Gary Wayne Rogers, objected on the ground that Relators failed to designate responsible third parties before the statute of limitations expired. Relators contend they had no obligation to disclose responsible third parties before limitations expired because

1

Rogers propounded his requests for disclosure more than two years after the accident occurred.

"Whether an appellate remedy is adequate depends on the circumstances presented, including the complexity of the case and whether the trial court's error may be corrected through the appellate process." *In re Sun Dev., L.P.*, No. 09-12-00032-CV, 2012 WL 170164, at *1 (Tex. App.—Beaumont Jan. 19, 2012, orig. proceeding) (mem. op.). Without expressing any opinion as to the propriety of the trial court's ruling, in this case, any harm arising from the trial court's pre-trial ruling on Relators' motion to designate responsible third parties will depend on the evidence developed during the trial. *See In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 65-66 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). Relators have not demonstrated that appeal would not be an adequate remedy. *See id*. Accordingly, we deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on February 12, 2015
Opinion Delivered March 12, 2015

Before Kreger, Horton, and Johnson, JJ.