**Opinion issued July 11, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00875-CV

_____

**JOHN RUFF AND CATHERINE LOTH, INDIVIDUALLY AND AS NEXT FRIENDS OF A.R., A MINOR CHILD, Appellants**

**V.**

**THE UNIVERSITY OF ST. THOMAS, Appellee**

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2016-19616

## CONCURRING OPINION

I join the Court's opinion, but I write separately to highlight that the Chapter 33 parental-immunity cases relied on by the Court—*Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933 (Tex. 1992), *Gem Homes, Inc. v. Contreras*, 861 S.W.2d 449 (Tex. App.—El Paso 1993, writ denied), and *Plainview Motels, Inc. v. Reynolds*, 127

S.W.3d 21 (Tex. App.—Tyler 2003, pet. denied)—were all decided under the pre-2003 amendment versions of Chapter 33 and that under the post-2003 amendment version of Chapter 33, immune persons can be designated as responsible third parties. *See In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 58 n.5 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding) ("Under the newly enacted version, a responsible third party may include persons . . . who are immune from liability to the claimant.") (citing TEX. CIV. PRAC. & REM. CODE § 33.011(6)); *see also Fisher v. Halliburton*, 667 F.3d 602, 622 (5th Cir. 2012); *Galbraith Eng'g Consultants, Inc. v. Puchucha*, 290 S.W.3d 863, 868 n.6 (Tex. 2009) ("The 2003 amendments substantially broadened the meaning of the term 'responsible third party' . . . regardless of whether . . . there is some other impediment to the imposition of liability on them, such as a statutory immunity."); David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 885 (2005) (noting that a "claimant's parents whom the claimant cannot sue because of parental immunity" may now be submitted as responsible third parties after 2003 amendments).

Texas federal district courts applying Chapter 33 have therefore specifically ruled that, despite assertions of parental immunity, parents—even if they are already plaintiffs individually or as next friends of their minor children—may be designated as responsible third parties to have their proportionate responsibility determined by the fact finder. *See Rubi v. MTD Prods., Inc.*, No. H-15-1831, 2016

2

WL 7638150, at *5–6 (S.D. Tex. Dec. 13, 2016); *Hernandez v. Bumbo (Pty.) Ltd.*, No. 3:12-cv-1213-M, 2014 WL 924238, at *2–5 (N.D. Tex. Mar. 10, 2014) (noting that allowing designation of mother as responsible third party was "only mechanism by which such alleged fault could be considered" because mother's "assertion of parental immunity would preclude Defendants from asserting any claim for contribution against her, thereby making a claim by Defendants against her legally untenable").

The University did not seek to designate Ruff and Loth as responsible third parties—the "only mechanism by which [their] alleged fault could be considered." *Hernandez*, 2014 WL 924238, at *5. Therefore, on the record in this case, I agree that the trial court erred in reducing the judgment based on the apportionment findings.

Richard Hightower
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

3