**CONDITIONALLY GRANT and Opinion Filed June 12, 2024**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-24-00482-CV**

**IN RE PRANAV CHITKARA, M.D., Relator**

**Original Proceeding from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-11181**

# MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Smith

By petition for writ of mandamus, relator Pranav Chitkara, M.D., challenges a trial court order granting real parties in interest Raul Arturo Ramirez Ortiz and Hellas Construction, Inc.'s motion for leave to designate an unknown person as a responsible third party. Because real parties did not satisfy the pleading requirements of Texas Civil Practice and Remedies Code subsection 33.004(j) and Chitkara lacks an adequate remedy by appeal, we conditionally grant the petition for writ of mandamus.

**Background**

Chitkara sued Ortiz and Hellas Construction, Ortiz's employer, for negligently causing an automobile accident. Chitkara alleged that he was driving north in the far left lane on the Dallas North Tollway and Ortiz, in the course and scope of his employment, was driving north in the middle lane. He further alleged that Ortiz "improperly, unsafely, and abruptly moved into the left lane . . . and simultaneously applied the brakes[,]" forcing Chitkara into a collision with the rear of Ortiz's vehicle.

On August 28, 2023, Ortiz and Hellas Construction filed an original answer, asserting a general denial and affirmative defenses. Among other things, they alleged that "the occurrence in question was the result of a person not a party to the suit and such act or omission by this person was the sole proximate cause of the occurrence in question." They further alleged that they were entitled to ask the factfinder to determine, pursuant to Texas Civil Practice and Remedies Code section 33.001 or other statute or common law, the responsibility of "any and all claimants, settling parties, Plaintiffs, Defendants, and responsible third parties" for causing harm, if any, to Chitkara.

On January 23, 2024, 148 days after filing their original answer, Ortiz and Hellas Construction filed a motion for leave to designate a responsible third party, which they referred to as "John Doe (s)." According to the motion, Ortiz moved into the left lane in an effort to avoid an accident because "[u]nknown people, **John**

**Doe (s)** were pulling in front of people and changing lanes when unsafe to do so and almost striking . . . Ortiz's vehicle." The motion alleged that John Doe(s) failed to use ordinary care by various acts and omissions, which were a proximate cause of the occurrence made the basis of this suit. Attached as exhibits to the motion were (1) a police report; (2) a photo purportedly depicting "John Doe (s)['] white Mercedes-Benz;" and (3) Chitkara's interrogatory responses, which identified an unknown white Mercedes-Benz as one of three vehicles involved in the incident.

Chitkara filed objections and a response to the motion for leave, arguing that real parties' original answer failed to adequately allege John Doe(s)' responsibility as required by Texas Civil Practice and Remedies Code subsection 33.004(j) and the applicable sixty-day window for amending their answer had expired. Real parties filed a reply; the reply did not address Chitkara's subsection 33.004(j) argument and asserted instead that real parties' pleadings complied with subsection 33.004(g).

On February 29, 2024, the trial court held a brief hearing and took the motion under advisement. On March 1, 2024, the trial court signed an order granting the motion for leave and designating "**John Doe (s)**" as responsible third parties.

## Standard of Review

"A writ of mandamus will issue if a trial court abuses its discretion and no adequate remedy by appeal exists." *In re Gonzales*, 619 S.W.3d 259, 261 (Tex. 2021) (orig. proceeding) (per curiam) (citing *In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (orig. proceeding)). A trial court has "no 'discretion' in determining what the

–3–

law is or applying the law to the facts" and, therefore, abuses its discretion if it fails to properly apply a statutory requirement. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

**Leave to Designate an Unknown Person as a Responsible Third Party**

Chitkara contends that the trial court abused its discretion in granting real parties' motion for leave because real parties failed to satisfy the strict pleading requirements of Texas Civil Practice and Remedies Code subsection 33.004(j) and that he lacks an adequate remedy by appeal. We agree.

Section 33.004 of the civil practice and remedies code governs the designation of responsible third parties. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004. A person designated as a responsible third party is to be included in the list of parties the factfinder may consider in allocating responsibility for a plaintiff's damages, provided that there is sufficient evidence at trial to support the submission. *Id.* § 33.003(a)(4), (b).

The procedure for designating an unknown person as a responsible third party differs from that required for designating a known person.[1] *See Gonzales*, 619

---

[1] Subsection 33.004(a) provides that a defendant who desires to designate "*a person*" as a responsible third party must move for leave on or before the sixtieth day before a trial date, unless the court finds good cause to allow the motion at a later date. *Gonzales*, 619 S.W.3d at 262 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a)). The court shall grant leave to designate a "*named*" person as a responsible third party unless another party objects within fifteen days after the motion for leave is filed. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f)). If a party timely objects, the court must grant the motion for leave "unless the objecting party establishes that the defendant failed to adequately plead facts establishing the third party's responsibility, even after receiving an opportunity to replead those facts." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(g)). "'Notwithstanding' any of these provisions, subsection (j) governs the designation of an '*unknown* person as a responsible third party.'" *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(j)).

–4–

S.W.3d at 262–64. Subsection 33.004(j) sets out the procedure for designating an

unknown person and provides:

> Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:
>
> (1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;
>
> (2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and
>
> (3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(j). A defendant must follow

subsection 33.004(j)'s requirements in order to designate an unknown person as a

responsible third party. *See Gonzales*, 619 S.W.3d at 262 (trial court may not grant

leave to designate unknown person as responsible third party when defendant fails

to "timely and adequately satisfy" subsection 33.004(j)'s pleading requirements).

Real parties' original answer did not allege that an unknown person's

commission of a criminal act resulted in Chitkara's loss or injury. Nor did real

parties amend their answer within sixty days of filing their original answer to include

the required allegation. Because real parties failed to satisfy subsection 33.004(j)'s

predicate pleading requirement, the trial court should have denied real parties' motion for leave. *See id.*; *In re 7-Eleven, Inc.*, No, 13-22-00464-CV, 2023 WL 348018, at *5 (Tex. App.—Corpus Christi–Edinburg Jan. 20, 2023, orig. proceeding) (mem. op.) (no abuse of discretion in denying designation of "John Doe" as responsible third party when defendant 7-Eleven did not file answer asserting that unknown person committed criminal act that was cause or loss of injury within sixty days after filing its original answer).

Relying on the allegation in their original answer that "the occurrence in question was the result of a person not a party to the suit and such act or omission by this person was the sole proximate cause of the occurrence in question," real parties nevertheless respond that they provided "fair notice" and "alleged an unknown driver had contributed to or caused [Relator's] alleged injuries by a negligent act or omission, by criminal conduct, or some combination of these." Subsection 33.004(j), however, "expressly requires the answer to state 'that an unknown person committed a criminal act that was a cause of the loss or injury' and 'all identifying characteristics of the unknown person, known at the time of the answer.'" *In re Winstar Trucking, LLC*, 657 S.W.3d 474, 484 (Tex. App.—El Paso 2022, orig. proceeding) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(j)).

Here, real parties' only timely filed pleading, their original answer, refers to neither an unknown person nor a criminal act.[2]

Real parties further assert that their answer must be viewed in context with their motion for leave and, in the event their pleading is deficient, the remedy is to allow them to replead. This ignores subsection 33.004(j)'s explicit timing requirement. To allow a defendant to generally refer to "an act or omission" by "a person not a party" in its answer and then, in a motion for leave filed well after the applicable deadline, allege for the first time that the act or omission was a criminal act committed by an unknown person is contrary to subsection 33.004(j)'s plain language. It "'would render the pleading deadlines imposed in subsection (j) meaningless' because a 'defendant would never have an incentive to comply with the pleading requirement in subsection (j) when it could simply wait to designate the unknown person sixty days before trial, and obtain a strategic advantage not intended by the legislature.'" *Gonzales*, 619 S.W.3d at 263 (quoting *In re Unitec Elevator*

---

[2] We note too that in each case real parties cite to support their "fair notice" argument, the defendant had timely filed an answer that included specific allegations that an unknown person committed a criminal act that was a cause of the loss or injury that was the subject of the lawsuit. *See In re J & R Multifamily Grp. Ltd.*, No. 01-23-00323-CV, 2024 WL 371107, at *5–6 (Tex. App.—Houston [1st Dist.] Feb. 1, 2024, orig. proceeding) (mem. op.) (amended answer, filed less than month after original answer, alleged that incident complained of was caused by unidentified individual's criminal acts [sexual assault of plaintiff] and thus satisfied subsection 33.004(j)'s predicate pleading requirement); *In re Galvan*, No. 04-23-00831-CV, 2023 WL 7171491, at *3 (Tex. App.—San Antonio Nov. 1, 2023, orig. proceeding) (mem. op.) (defendant's amended answer stated that unknown driver's criminal actions [violations of Texas Transportation Code and failing to provide signal to vehicles following behind his/her vehicle] caused accident); *Winstar Trucking*, 657 S.W.3d at 480, 483–85 (timely filed supplemental answer alleged that criminal act of unknown person was cause of loss or injury).

*Servs. Co.*, 178 S.W.3d 53, 61 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding)).

Subsection (j) is the exclusive means by which an unknown person may be designated as a responsible third party. *Id.* at 264 & n.4. Because real parties did not timely or adequately satisfy subsection (j)'s predicate pleading requirement, we conclude that the trial court abused its discretion by granting their motion for leave and designating John Doe(s) as a responsible third party. *See id.* (trial court has no discretion to grant motion for leave to designate unknown person as responsible third party when defendant failed to satisfy subsection 33.004(j)'s strict pleading requirements).

Requiring Chitkara to "go through a trial before remedying the trial court's error would defeat the substantive rights that subsection (j) protects." *Id.* at 265 (citing *In re Dawson*, 550 S.W.3d 625, 629–30 (Tex. 2018) (orig. proceeding) (per curiam)). Accordingly, Chitkara does not have an adequate remedy by appeal, and mandamus is appropriate. *Id.* (mandamus is appropriate to "protect a plaintiff's right to not have to try her case against an empty chair"). Because Chitkara has demonstrated both requirements for obtaining mandamus relief, we conditionally grant his petition for writ of mandamus.

## Conclusion

We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its March 1, 2024 order granting the motion for leave to designate

responsible third party and ordering that John Doe(s) be formally designated as responsible third parties. The writ of mandamus will issue only if the trial court fails to do so within fourteen (14) days of the date of this opinion and accompanying order.

Craig Smith/<br>CRAIG SMITH<br>JUSTICE

240482F.P05