**In re Sandra Gail BROAD, et al., Relators.**

No. 05–12–00538–CV.

Court of Appeals of Texas, Dallas.

June 13, 2012.

Scot Graves Doyen, Brett J Hill, Doyen Sebesta Ltd., L.L.P., Houston, TX, Howard Jay Klatsky, Thomas W. Fee, Fee, Smith, Sharp & Vitullo, L.L.P., Dallas, TX, for Relator.

Jesse E. Guerra, Jr., The Guerra Law Firm, PLLC, Randall Barrera Corpus Christi, TX, L. Scot Dailey, Werstein, Smith & Wilson, Addison, TX, for Real Party in Interest.

Before Justices BRIDGES, LANG, and FILLMORE.

**OPINION**

Opinion by Justice BRIDGES.

Relators filed this mandamus proceeding after the trial court denied their motion for leave to designate a responsible third party. We conclude the trial court abused its discretion in denying the motion and relators have no adequate remedy by appeal. We therefore conditionally grant the writ of mandamus.

In 2010, real party in interest Kelara Tong brought her son, Deng Alak, to the swimming pool at a Dallas apartment complex. The child drowned, and Ms. Tong and the boy's father, Alor Alak, brought suit, both individually and on behalf of their son's estate, against relators and others for premises liability and negligence. Relator Sandra Gail Broad sought to designate Ms. Tong as a responsible third

party under section 33.004 of the Texas Civil Practice and Remedies Code. The trial court denied the motion for leave to designate a responsible third party, and this petition followed.[1]

In order to obtain mandamus relief, relators must show both that the trial court has abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Relators have met this burden.

Section 33.004 of the civil practice and remedies code provides, in relevant part:

(a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

. . . .

(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.

(g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:

(1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and

(2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

. . . .

(*l*) After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

TEX. CIV. PRAC. & REM.CODE ANN. § 33.004 (West 2008).

The trial court in this case denied the motion for leave to designate Kelara Tong as a responsible third party without allowing relators to replead. As this Court explained in *In re Oncor Electric Delivery Company LLC,* 355 S.W.3d 304, 306 (Tex. App.-Dallas 2011, orig. proceeding), denying a motion for leave to designate a responsible third party without giving relator an opportunity to replead the facts concerning that person's liability is an abuse of discretion for which there is no adequate remedy at law.

Accordingly, we conditionally grant the relators' petition for writ of mandamus. A writ will issue only in the event the trial judge fails to vacate her March 23, 2012 "Order Denying Defendant Sandra Gail Broad's Motion for Leave to Designate

---

1. The written order on the motion, which was signed on March 23, 2012, says that the motion for leave to designate responsible third party is denied. At a hearing on April 16, 2012, the court attempted to clarify the order by saying that she was denying the designation as to claims of the estate, but not as to claims of the mother individually. This "clarification" does not affect our analysis of the petition.

Responsible Third Party" and to **REN-DER** an order either granting relators leave to replead facts supporting the designation or granting the motion for leave to designate a responsible third party.