## In re ONCOR ELECTRIC DELIVERY COMPANY LLC, Relator.

### No. 05–11–00825–CV.

Court of Appeals of Texas, Dallas.

July 28, 2011.

Kenneth J. Lambert, Lane P. Farley, Douglas D. Fletcher, Julia L. Sinor, Fletcher, Farley, Shipman & Salinas, LLP, Dallas, TX, John C. Stewart, Daniel G. Altman, Oncor Electric Delivery Company, LLC, Fort Worth, TX, for Relator.

Clay Lewis Jenkinns, Stephen Daniel, Jenkins & Jenkins, P.C., Waxahachie, TX, Ted. B. Lyon, Jr., William E. Zook, Ted B. Lyon & Associates, P.C., Mesquite, TX, for Real Party in Interest.

Before Justices O'NEILL, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice LANG.

Relator filed this mandamus proceeding after the trial court signed an order denying its motion for leave to designate a responsible third party. We conclude the trial court abused its discretion in doing so without granting leave to replead and relator has no adequate remedy by appeal. We therefore conditionally grant mandamus relief.

Real parties in interest brought a lawsuit against relator and other defendants claiming that Joel Todd Palmer and his child, Jordan Palmer, were injured when Joel gave Jordan and another child a ride in a lifting apparatus Joel was using to remove tree limbs. Real parties in interest allege that the injuries were caused by electrical current that traveled to the lifting apparatus through a tree branch that was too close to nearby power lines. Relator moved to designate Joel as a responsible third party with respect to the injuries suffered by Jordan, alleging that he was negligent in letting the children ride in the lifting apparatus. Real parties in interest objected that relator had not pled sufficient facts for the designation. The trial court signed an order denying the motion for leave to designate on June 17, 2011. This original proceeding followed.

■ The Civil Practice and Remedies Code provides, in relevant part:

(a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

. . . .

(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.

(g) If an objection to the motion for leave is timely filed, the court shall

grant leave to designate the person as a responsible third party unless the objecting party establishes:

(1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and

(2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

. . . .

TEX. CIV. PRAC. & REM.CODE ANN. § 33.004 (West 2008).

In order to obtain mandamus relief, relators must show both that the trial court has abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Relators have met this burden. The statute requires the trial judge to grant relator leave to replead the facts concerning the alleged responsibility of Joel Palmer before denying its motion for leave to designate him a responsible third party. The trial judge here did not do so, which was an abuse of discretion.[1] An improper denial of leave to designate a responsible third party may not be adequately addressed by appeal. *See In re Brokers Logistics, Ltd.*, 320 S.W.3d 402, 408 (Tex.App.-El Paso 2010, orig. proceeding) (denial of leave to designate "would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of Relators' defense in ways unlikely to be apparent in the appellate record").

Accordingly, we conditionally grant relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its June 17, 2011 "Order Denying Defendants' Motion for Leave and Designation of Joel Todd Palmer as a Responsible Third Party" and to render a new order either granting relator leave to replead facts supporting the designation or granting the motion for leave to designate.

---

1. Relator asserts that the trial court denied the motion for leave to designate because Joel Palmer was already a party to the case, based on her statement at the motion for rehearing that "I think my concern all along has been that Mr. Palmer is a party plaintiff and that the third-party designation was not intended to be used to designate an existing party plaintiff. . . ." However, that issue is not properly before us. Real parties in interest's only stated objection to the designation in their written response was that relator had not pled sufficient facts to allow the designation of Joel as a responsible third party. The trial court's order is silent as to the reason for denial of the motion. In these circumstances, we cannot impute that reasoning to the trial court. We are mindful, however, of the Supreme Court's explanation that under this statute, "a defendant may designate a responsible third party even though that party possesses a defense to liability, or cannot be formally joined as a defendant, or both." *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 868–69 (Tex.2009).