**Grant and Opinion Filed February 21, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01646-CV

## IN RE GREYHOUND LINES, INC., FIRST GROUP AMERICA, AND MARC D. HARRIS, Relator

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-02930**

## MEMORANDUM OPINION
Before Justices FitzGerald, Lang, and Myers
Opinion by Justice Lang

Relators, Greyhound Lines, Inc., FirstGroup America, and Marc D. Harris, filed this mandamus proceeding after the trial court issued an order denying relators' motion for leave to designate Precision Poured Walls, Inc. as a responsible third party pursuant to Section 33.004 of the Texas Civil Practice and Remedies Code. We conditionally grant relief.

### I. FACTUAL AND PROCEDURAL CONTEXT

This is a personal injury case brought by real party Kendall Jones arising from a collision involving the bus in which Jones was a passenger and a crane truck owned and operated by Precision Poured Walls, Inc. ("Precision"). Jones alleges that he was injured in that accident. Jones filed suit against relators, but not against Precision. Relators, in turn, filed a motion for leave to designate Precision a responsible third party under Texas' proportionate responsibility

statute, Chapter 33 of the Texas Civil Practice and Remedies Code. Jones objected. The trial court conducted a hearing and denied the motion, but granted relators leave to replead.

Relators filed an amended motion for leave to designate Precision a responsible third party, attaching evidence in support of their motion. In their amended motion relators alleged, among other things, the operator of the bus did not see the crane truck, the post-accident inspection of the crane truck revealed eight violations of the Federal Motor Carrier Safety Regulations, the operator of the crane truck was issued three citations for these violations, the crane truck was deteriorated and dirty, the combination stop-turn tail lights on the crane truck were obscured by oil and dirt, reducing the effectiveness of the lamps, the crane structure completely obscured the rear marker lamps and reflectors, and the color and condition of the crane truck in combination made the crane truck difficult to see at the early morning hour of the accident. Based on these allegations, the amended motion asserted the crane truck was unsafe to operate, particularly in dark conditions, Precision was negligent in the maintenance and operation of the crane truck, and these acts and omissions were a proximate cause of the accident in that the defect in and condition of the crane truck unreasonably diminished its visibility and prevented the operator of the bus from being able to see and identify the crane truck prior to the accident.

The trial court denied the second amended motion for leave to designate Precision as a responsible third party. Relators then brought this mandamus proceeding.

## II. NATURE OF THE PROPORTIONATE RESPONSIBILITY STATUTE

Under Texas' proportionate responsibility statute, a responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by

any combination of these." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6) (West 2008). The proportionate responsibility statute provides a framework for apportioning percentages of responsibility in the calculation of damages in any case in which more than one person, including the plaintiff, is alleged to have caused or contributed to cause the harm for which recovery of damages is sought. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.003 (West 2008); *JCW Elec., Inc. v. Garza*, 257 S.W.3d 701, 702 (Tex. 2008); *Challenger Gaming Solutions, Inc. v. Earp*, 402 S.W.3d 290, 292-93 (Tex. App.—Dallas 2013, no pet.). The statute's purpose is to hold each party responsible only for the party's own conduct causing injury. *Challenger Gaming Solutions,* 402 S.W.3d at 292-93.

### III. STANDARD FOR EVALUATING PROPOSED RESPONSIBLE THIRD PARTY DESIGNATIONS

The pleading requirements for designating a responsible third party at the outset of a case are not stringent. However, "as trial moves closer the requirement for sufficient evidence to support the actual submission of a question on the responsibility of the designated third parties becomes more demanding." *PEMEX Exploracion y Produccion v. Murphy Energy Corp.*, 923 F. Supp. 2d 961, 981 (S.D. Tex. 2013) (applying Texas substantive law). At the pleading stage, the proportionate responsibility statute requires that the defendant seeking to designate a responsible third party "plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE ANN. §33.004(g)(2). The standard for designating a potentially responsible third party is notice pleading under the Texas Rules of Civil Procedure. *See N. Cypress Med. Ctr. Operating Co. v. Gallagher Ben. Services, Inc.,* 4:11-CV-685, 2013 WL 1736764 (S.D. Tex. Apr. 22, 2013) (applying Texas law); *State Farm Lloyds v. Sunbeam Products, Inc.*, 4:10-CV-2575, 2011 WL 2181487 (S.D. Tex. June 2, 2011) (applying Texas law); *Muniz v. T.K. Stanley, Inc.*, CIV.A. L-

06-CV-126, 2007 WL 1100466 (S.D. Tex. Apr. 11, 2007) (applying Texas law); *see also* Michael Hull et al., *House Bill 4 and Proposition 12: An Analysis with Legislative History Part Two: Detailed Analysis of the Civil Justice Reforms*, 36 TEX. TECH L. REV. 51, 95 (2005). Under Texas' standards of notice pleading, the "fair notice" standard for pleading is satisfied if the opposing party can ascertain from the pleading the nature and basic issues of the controversy, and what type of evidence might be relevant. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). "[A] petition is sufficient if a cause of action may reasonably be inferred from what is specifically stated in the petition, 'even if an element of the cause of action is not specifically alleged.'" *Dodd v. Savino*, No. 14–12–00555–CV, 2014 WL 242881, at \*11 (Tex. App.— Houston [14th Dist.] Jan. 16, 2014, no pet. h.) (quoting *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex.1993)).

In determining whether to grant a motion for leave to designate a responsible third party, the trial court is restricted to evaluating the sufficiency of the facts pleaded by relators and is not permitted to engage in an analysis of the truth of the allegations or consider evidence on the third party's ultimate liability. *In re Unitec Elevator Services Co*., 178 S.W.3d 53, 62 (Tex. App.— Houston [1st Dist.] 2005, no pet.).[1] Objections to the sufficiency of the evidence against the allegedly responsible third party are properly handled in the context of a motion to strike the designation under Section 33.004(l),[2] a motion for summary judgment,[3] or an objection to the

---

[1] Jones contends that relators' proposed responsible third party designation must be evaluated under the standards of Rule 91a of the Texas Rules of Civil Procedure, which allows a party to move to dismiss "a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a(1). By its terms, application of Rule 91a to a pleading requires a motion filed within 60 days of the first pleading containing the challenged cause of action and at least 21 days before the motion is heard. TEX. R. CIV. P. 91a(3)(a). The record does not reflect that Jones filed a motion under Rule 91a or that the trial court's ruling in this case was premised on Rule 91a. Accordingly, the Court does not consider the application of Rule 91a to the proposed responsible third party designation.

[2] *In re Unitec Elevator Services*, 178 S.W.3d at 62 n.9 ("A party is entitled to challenge the sufficiency of evidence supporting the designation of a responsible third party. After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage.')

[3] *Flack v. Hanke*, 334 S.W.3d 251, 262 (Tex. App.—San Antonio 2010, pet. denied).

submission of a question to the jury regarding the conduct of the third party under Section 33.003(b).[4]

## IV. STANDARD FOR MANDAMUS RELIEF

To obtain mandamus relief, relators must show both that the trial court has clearly abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Whether an appellate remedy is adequate depends heavily on the circumstances presented. *In re Prudential*, 148 S.W.3d at 136–37; *In re Estate of Hutchins*, 391 S.W.3d 578, 583 (Tex. App.—Dallas 2012, orig. proceeding). Mandamus review is not justified simply because an appeal would arguably involve more cost or delay than mandamus. *Walker*, 827 S.W.2d at 842.

## V. PLEADING REQUIREMENTS FOR CAUSATION

Jones contends that the trial court properly denied Greyhound's designation of a responsible third party because Greyhound "failed to sufficiently raise the issue of [the crane truck operator's] responsibility." Jones argues that the allegation in relators' motion for leave to designate a responsible third party that the acts and omissions of Precision "were a proximate cause of the accident in question" fails to satisfy the requirement of Section 33.011(6) that the responsible third party be alleged "to have caused or contributed to causing the harm for which recovery of damages is sought."

---

[4] <u>Gardner Oil, Inc. v. Chavez</u>, 12-10-00274-CV, 2012 WL 1623420 (Tex. App.—Tyler May 9, 2012, no pet.) ("The trial court should not allow the submission of a question to the jury regarding conduct of a responsible third party where there is not sufficient evidence to support the submission.")

Section 33.011(6) of the Texas Civil Practice and Remedies Code, defines a responsible third party as:

> [A]ny person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6) (West 2008). "Harm" is not defined in the proportionate responsibility statute.

Relators allege Precision's negligence was the "proximate cause" of the accident. The two elements of proximate cause are cause in fact and foreseeability. *IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798-99 (Tex. 2004); *Ward v. ACS State & Local Solutions, Inc.*, 328 S.W.3d 648, 652 (Tex. App.—Dallas 2010, no pet.). Cause in fact is established when the act or omission was a substantial factor in bringing about the injuries claimed, and without it, the harm would not have occurred. *IHS Cedars Treatment Ctr.*, 143 S.W.3d at 798-99. A pleading provides fair notice if an "opposing attorney of reasonable competence, on review of the pleadings, can ascertain the nature and basic issues of controversy." *Elite Door & Trim, Inc. v. Tapia, 355 S.W.3d 757, 766 (Tex. App. -- Dallas 2011, no pet.).* We conclude that in alleging that Precision's acts or omissions were the "proximate cause" of the accident, relators provided fair notice that they contend the acts or omissions of Precision were a substantial and foreseeable factor in bringing about the injuries alleged by Jones, and without that negligence, the harm alleged in Jones' petition would not have occurred. Accordingly, the trial court clearly abused its discretion in denying relators' motion.

## VI. AVAILABILITY OF MANDAMUS RELIEF

Jones argues that even if the trial court improperly denied relators the opportunity to designate a responsible third party, relators have an adequate remedy by appeal and are not entitled to mandamus relief. However, this Court has stated, "An improper denial of leave to designate a responsible third party may not be adequately addressed by appeal." *In re Oncor Elec. Delivery Co.*, 355 S.W.3d 304, 306 (Tex. App.—Dallas 2011, no pet.) Real party argues *Oncor* is limited to cases in which the trial court denies leave to amend following an insufficient first attempt to designate a responsible third party.[5] We disagree.

The proportionate responsibility statue grants parties the right to have one jury apportion liability among all responsible parties. *In re Arthur Andersen LLP,* 121 S.W.3d 471, 485–86 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding [mand. denied]). Permitting a case to proceed in the absence of a proper responsible third party "would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of Relators' defense in ways unlikely to be apparent in the appellate record." *Oncor*, 355 S.W.3d at 306 (quoting *In re Brokers Logistics, Ltd.*, 320 S.W.3d at 408). On this record, in this case, we further conclude real party does not have an adequate remedy on appeal.

---

[5] *See, e.g., In re Smith*, 366 S.W.3d 282, 289 (Tex. App.—Dallas 2012, orig. proceeding) ("[W]e conclude that *In re Oncor* stands for the proposition that appeal is ordinarily an inadequate remedy when a trial judge erroneously denies a motion for leave to designate a responsible third party without granting leave to replead."); *In re Broad*, 370 S.W.3d 797, 798 (Tex. App.—Dallas 2012, orig. proceeding) (citing *Oncor* for the proposition that "denying a motion for leave to designate a responsible third party without giving relator an opportunity to replead the facts concerning that person's liability is an abuse of discretion for which there is no adequate remedy at law").

## VII. Conclusion

We **CONDITIONALLY GRANT** the relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its September 25, 2013 "Order On Defendants' Second Amended Motion for Leave to Designate Responsible Third Party" and issue an order granting relators leave to designate Precision a responsible third party.

131646F.P05

/Douglas S. Lang/
DOUGLAS LANG
JUSTICE