**CONDITIONALLY GRANT; and Opinion Filed December 19, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-01226-CV

**IN RE ASHLEY SCOTT ECHOLS, Relator**

**Original Proceeding from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-13626**

## OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Lang-Miers

In this original proceeding, relator contends the trial court clearly abused its discretion by permitting real parties in interest to designate an unknown criminal as a responsible third party without complying with the requirements of section 33.004(j), Texas Civil Practice and Remedies Code. Relator requests a writ of mandamus directing the trial court to vacate its order allowing the designation. Real parties in interest have responded, arguing that the trial court correctly interpreted section 33.004(j). For the reasons that follow, we conditionally grant the writ.

### BACKGROUND

Relator Ashley Scott Echols sued real parties in interest Bryan Buchanan, M.D., Beacon Emergency Services Team, P.A., and Integrative Emergency Services, LLC, alleging they were negligent in treating him when he presented at a local hospital with a gunshot wound to the head on May 28, 2016. Echols filed suit on October 3, 2017, contending real parties in interest (together,

"Buchanan") failed to properly treat him and allowed him to return home with a bullet still lodged in his head.

Buchanan timely filed an original answer on October 9, 2017, but he did not allege that an unknown person committed a criminal act that was a cause of Echols's injury until June 27, 2018, when he filed a motion for leave to designate "the Unknown Gunman who shot Ashley Scott Echols as a responsible third party." Echols objected, contending that the designation was not timely under subsection (j), section 33.004 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(j). After a hearing, the trial court granted Buchanan's motion for leave in an order dated August 23, 2018.

In his petition for writ of mandamus, Echols argues that Buchanan's designation, filed more than sixty days after he filed his original answer, was not timely, and the trial court should have denied leave to designate the unknown gunman who shot Echols.

## MANDAMUS STANDARD

To obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it clearly fails to correctly analyze or apply the law. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 2008) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *See In re Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840. The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding) (citing *Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.*

**APPLICABLE LAW**

Designation of responsible third parties is governed by section 33.004 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a)–(*l*). A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate "on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." *Id.* § 33.004(a). A court "shall grant leave to designate the named person as a responsible third party" unless another party files an objection to the motion "on or before the 15th day after the date the motion is served." *Id.* § 33.004(f). If an objection is timely filed, the court "shall grant leave to designate the person as a responsible third party" unless the objecting party establishes that the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the rules of civil procedure after having been granted leave to replead. *See id.* § 33.004(g). The person named in the motion is designated as a responsible third party without further action by the court when the court grants a motion for leave to designate. *Id.* § 33.004(h).

If the defendant alleges that an unknown person committed a criminal act that was a cause of the plaintiff's injury, subsection (j) of section 33.004 applies. Subsection (j) provides:

> Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:
>
>> (1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;
>>
>> (2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and
>>
>> (3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(j). The parties' dispute arises from their conflicting interpretations of subsection (j).

We review issues of statutory construction de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). In construing statutes, we ascertain and give effect to the Legislature's intent as expressed in the language of the statute. *Id.* We "presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *City of Laredo v. Laredo Merchants Ass'n*, 550 S.W.3d 586, 597 (Tex. 2018) (footnote and internal quotation omitted). We "read statutes contextually to give effect to every word, clause, and sentence." *Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 893 (Tex. 2017). We apply the plain meaning of the text as expressing legislative intent unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *Gunn v. McCoy*, 554 S.W.3d 645, 672 (Tex. 2018).

Case authority interpreting and applying subsection (j) of section 33.004 is scant. But in *In re Unitec Elevator Services Co.*, a sister court concluded that the trial court did not abuse its discretion in denying the relators' motion to designate unknown vandals as responsible third parties. 178 S.W.3d 53, 61 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). In *Unitec*, the relators did not file an answer containing the allegations against the unknown vandals "until well after sixty days after filing their original answer." *Id.* The court rejected the relators' argument that the language "[n]otwithstanding any other provision of this section" at the beginning of subsection (j) "should be construed to mean that in addition to the other available timetables and means to designate responsible third parties under . . . section 33.004, subsection (j) affords a defendant an independent means to designate unknown individuals within sixty days of a defendant's answer to preclude a plaintiff's right to object." *Id.* at 60. The court also rejected the

relators' argument "that subsection (j), which prescribes a strict pleading requirement for designating unknown persons, does not provide the exclusive means for designating the unknown vandals and that plaintiffs' interpretation of the statute is contrary to the statute's liberalization of rights afforded to defendants under the revised section 33.004." *Id.*

The court in *Unitec* concluded that applying the plain language of subsection (j) and section 33.004 as a whole, "the statute clearly and unambiguously requires a defendant seeking to designate an unknown person as a responsible third party, based on the person's commission of criminal acts causing the loss or injury that is the subject of the lawsuit, to file an answer containing such allegations no later than sixty days from filing its original answer." *Id.* at 61. And because the relators did not timely file an answer containing the required allegations, they were precluded from designating the unknown vandals as responsible third parties. *Id.*

## DISCUSSION

Subsection (j) of civil practice and remedies code section 33.004 required Buchanan to file a motion to designate the unknown gunman as a responsible third party "not later than 60 days after the filing of the defendant's original answer." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(j). He did not do so. He filed his answer on October 9, 2017, a motion for leave to designate a responsible third party on June 27, 2018,[1] and a second amended answer on August 21, 2018, alleging for the first time that an unknown person had committed a criminal act that was a cause of Echols's injury. Nonetheless, Buchanan argues the trial court did not abuse its discretion because subsection (j) cannot be read in isolation. He argues that subsection (j)'s 60-day deadline is not mandatory, "but rather it is an option to the defendant—in other words, **if** the defendant wants to circumvent plaintiff's ability to object to the designation, then the defendant can provide

---

[1] In his response to the petition for writ of mandamus, Buchanan alleges his motion was filed on June 27, 2018; the certificate of service on the copy included in the mandamus record is dated May 27, 2018. In either event, more than 60 days had elapsed since the filing of his answer.

the notice required by (j) in an amended answer in the first 60 days." (Emphasis Buchanan's). He contends that if the defendant does not provide notice under subsection (j), he may choose to provide notice "on or before the 60th day before the trial date" under subsection (a). He explains that there is mandatory language:

- in subsection (a) that the motion "must be filed" on or before the 60th day before trial;

- in subsection (f) that the trial court "shall grant leave" to designate unless a timely objection is filed; and

- in subsection (j) that the trial court "shall grant a motion for leave" if the criteria in subsections (1), (2), and (3) are met.

He contrasts this mandatory language with subsection (j)'s clause "if, not later than 60 days after the filing of the defendant's original answer," the defendant files an answer alleging an unknown person committed a criminal act that was a cause of the plaintiff's injury. He concludes that Echols's "contention that Subsection (j) is a mandate is contrary to the plain language of the code, and unsupported when Subsection (j) is read in combination with the remainder of CRPC 33.004."

The court in *Unitec* rejected a similar argument, concluding,

> Relators' argument, that subsection (j) merely affords a defendant an additional and independent means to designate unknown persons as responsible third parties, would render the pleading deadlines imposed in subsection (j) meaningless. A defendant would never have an incentive to comply with the pleading requirement in subsection (j) when it could simply wait to designate the unknown person sixty days before trial, and obtain a strategic advantage not intended by the legislature.

*Unitec*, 178 S.W.3d at 61. Further, the court contrasted subsection (j), which "expressly applies to the designation of unknown persons, and, even absent an objection, requires a defendant seeking to designate an unknown person to satisfy specific pleading requirements before a trial court may grant a motion for leave to designate," with subsection (f), which "expressly applies to the designation of named persons, and compels a trial court to grant a motion to designate a named person unless an objection is filed." *Id.* at 61 n.8. The court concluded, "[t]he structure of section

–6–

33.003 indicates that the legislature intended to prescribe different procedures for designating named and unnamed persons. Our holding recognizes and enforces these differing procedures." *Id.*

Buchanan also contends that Echols's interpretation of subsection (j) is neither reasonable nor fair. He argues that 60 days after answering a lawsuit is insufficient time for a defendant to conduct discovery to determine "if a criminal meets the definition of a 'responsible third party.'" Further, defendants would have only one opportunity to designate an unknown criminal as a responsible third party. Buchanan argues this result would be especially unfair in cases alleging a healthcare liability claim, given the stay of discovery by a defendant until a plaintiff has provided an expert report. And he argues that a defendant would have no opportunity to correct a defective pleading, in contrast to the mechanism for objection and repleading under subsection (g). But subsection (j) requires a pleading that (1) includes "facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal," (2) includes "all identifying characteristics of the unknown person, known at the time of the answer," and (3) satisfies the pleading requirements of the rules of civil procedure. Consequently, Buchanan was required to plead facts and characteristics he knew at the time he answered. Those included the undisputed fact that the unknown person shot Echols in the head. Expert medical reports and further discovery were not necessary to support an allegation that this act, in "reasonable probability," was criminal.

Buchanan also contends that mandamus relief is not appropriate because Echols has an adequate remedy by appeal. We have concluded, however, that a trial court's improper decision applying section 33.004 to determine responsible third parties "may not be adequately addressed by appeal." *In re Oncor Elec. Delivery Co., LLC*, 355 S.W.3d 304, 306 (Tex. App.—Dallas 2011, orig. proceeding). Buchanan distinguishes *In re Oncor* on the ground that it "stands for the

proposition that appeal is ordinarily an inadequate remedy when a trial judge erroneously denies a motion for leave to designate a responsible third party **without granting leave to replead**." (Emphasis Buchanan's). But in *In re Oncor*, we quoted *In re Brokers Logistics, Ltd.*, 320 S.W.3d 402, 408 (Tex. App.—El Paso 2010, orig. proceeding), for the proposition that denial of leave to designate a responsible third party "'would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of Relators' defense in ways unlikely to be apparent in the appellate record.'" *In re Oncor*, 355 S.W.3d at 306. We conditionally granted mandamus, ordering the trial court to withdraw its previous order "and to render a new order either granting relator leave to replead facts supporting the designation or granting the motion for leave to designate." *Id.* Our ruling was not limited to granting leave to replead. *See id.*; *see also In re Smith*, 366 S.W.3d 282, 288–89 (Tex. App.—Dallas 2012, orig. proceeding) (following *In re Oncor* and concluding that relators showed no adequate appellate remedy for trial court's erroneous denial of motion for leave to designate responsible third party).

In *In re Bustamante*, the San Antonio court of appeals explained that it would "join the majority of our sister courts and hold that there is no adequate remedy by appeal from the trial court's denial of Bustamante's timely motion for leave to designate responsible third parties." *In re Bustamante*, 510 S.W.3d 732, 739 (Tex. App.—San Antonio 2016, orig. proceeding) (citing *In re Smith*, 366 S.W.3d at 288–89, and opinions from several other sister courts). The court cited factors including "when the denial of mandamus relief would result in an 'irreversible waste of judicial and public resources,'" *id.* (quoting *In re Prudential Ins. Co.*, 148 S.W.3d at 137), and "when an order skews the procedural dynamics of the case." *Id.* (citing *In re Prudential Ins. Co.*, 148 S.W.3d at 136). The court conditionally granted mandamus directing the trial court "to grant the motion for leave to designate responsible third parties." *Id.* at 739. And the supreme court has noted that "a majority of our intermediate appellate courts have held that when a timely filed

motion to designate a responsible third party is erroneously denied, no adequate remedy by appeal ordinarily exists." *In re Coppola*, 535 S.W.3d 506, 509 (Tex. 2017) (orig. proceeding). The court in *In re Coppola* concluded, "[a]ccordingly, we hold that, ordinarily, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely-filed section 33.004(a) motion." *Id.* at 510.

Recently the San Antonio court of appeals considered whether there was an adequate remedy at law when a trial court erroneously granted, rather than denied, a motion for leave to designate a responsible third party. *In re Maconori Enters., Ltd.*, No. 04-18-00086-CV, 2018 WL 3039934, at *1–3 (Tex. App.—San Antonio Jun. 20, 2018, orig. proceeding). The court noted that there was no mandamus case discussing the issue. *Id.* at *1. Distinguishing cases holding that there is no adequate remedy at law when a trial court erroneously denied a motion for leave, the court concluded that "the granting of a RTP designation may be addressed at multiple stages of trial," including a motion to strike the designation under subsection 33.004(*l*), after "adequate time for discovery," or at a jury charge conference under section 33.003(b) of the civil practice and remedies code. *Id.* at *3 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 33.003(b), prohibiting submission to jury of question regarding conduct by any person without sufficient evidence to support the submission). Because "there are other opportunities for relators to oppose the RTP designation," the relators did not "carr[y] their heavy burden to show they have no adequate remedy at law." *Id.* Accordingly, the court denied the petition for writ of mandamus. *Id.*

*Maconori Enterprises*, however, did not address the untimely designation of an unknown person under subsection (j) of section 33.004. *See id.* at *1 (trial court granted motion to designate lawyer and law firm that negotiated lease and partnership agreement). As we have discussed, the designation of an unknown person whose criminal act was a cause of the plaintiff's loss may be made only under subsection (j), and only "not later than 60 days after the filing of the defendant's

original answer." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(j). If we determined there were the same "opportunities for relators to oppose the RTP designation" discussed in *Maconori Enterprises*, 2018 WL 3039934, at *3, we would "render the pleading deadlines imposed in subsection (j) meaningless." *Unitec*, 178 S.W.3d at 61. And we would permit a party making a late designation to "obtain a strategic advantage not intended by the legislature." *Id.*

We conclude the trial court abused its discretion by granting Buchanan's motion for leave to designate the "unknown gunman" as a responsible third party, and Echols has no adequate remedy by appeal. Accordingly, we conditionally grant the writ of mandamus. We direct the trial court to vacate its August 23, 2018 order granting Buchanan's motion for leave to designate a responsible third party. The writ will issue only if the trial court fails to comply.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

181226F.P05