

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-21-00001-CV |
| | § | |
| WINDSTAR TRUCKING, LLC, | § | AN ORIGINAL PROCEEDING |
| | § | |
| RELATOR. | § | IN MANDAMUS |
| | § | |

## D I S S E N T

Finding the trial court erred in its construction of section 33.004(j), the majority orders the trial court to vacate its order denying Windstar's motion for leave to designate "John Doe" as a responsible third party. For the following reasons, I would find the trial court did not clearly abuse its discretion in finding that a violation of Texas Transportation Code § 545.101(b) is not a "criminal act" for purposes of designating an unknown responsible third party. As a result, I respectfully dissent.

We are instructed that "[m]andamus is an extraordinary remedy and will only issue if the lower court has clearly abused its discretion . . . ." *In re Murrin Brothers 1885, Ltd.*, 603 S.W.3d 53, 56 (Tex. 2019)(orig. proceeding). A trial court abuses its discretion "when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)(orig. proceeding) *overruled on other grounds by In re Columbia Medical Center of Las Colinas*, 290 S.W.3d 204, 213 (Tex. 2009)(orig.

proceeding). A relator attacking the ruling of a trial court as an abuse of discretion "labors under a heavy burden." *Id.* It must establish, under the circumstances of the case, the trial court was permitted by the facts and the law to make but one decision. *Burlington Northern, Inc. v. Hyde*, 799 S.W.2d 477, 479 (Tex.App.—El Paso 1990, no pet.)(orig. proceeding).

As the majority correctly concludes, Texas Civil Practice and Remedies Code § 33.004(j) permits a defendant to designate an unknown responsible third party only if the unknown person committed a "criminal act" that was a cause of the subject loss or injury. Here, Windstar moved to designate the unknown driver of a white pickup truck under the theory the driver had violated Texas Transportation Code § 545.101(b) when he made a left-hand turn from the wrong lane. This "criminal act," according to Windstar, caused its employee to evade the white pickup truck, causing the accident that is the subject of this lawsuit.

The crux of this decision, then, is whether section 545.101(b) outlines a "criminal act." The majority goes to great lengths to interpret the phrase "criminal act" as used in section 33.004(j). But it fails to analyze the plain language of section 545.101(b). A close reading of the statute shows it is not unreasonable to find that section 545.101(b) does not create a criminal act.

When interpreting a statute, courts must "presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *In re Echols*, 569 S.W.3d 776, 779. (Tex.App.—Dallas 2018, no pet.)(orig. proceeding). "We must read the statute as a whole and not just isolated portions." *Texas Department of Transportation v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). Some provisions of the Transportation Code are specifically identified as an offense with criminal consequences. *See* TEX.TRANSP.CODE ANN. § 545.401 (Reckless Driving; *Offense*: "(a) A person commits an *offense* if the person drives a vehicle in willful or wanton disregard for the safety of

2

persons or property. (b) An *offense* under this section is a misdemeanor punishable by: (1) a fine not to exceed $200; (2) confinement in county jail for not more than 30 days; or (3) both the fine and the confinement.") [Emphasis added]; TEX.TRANSP.CODE ANN. § 545.066 (Passing a School Bus, *Offense*: "(c) An *offense* under this section is a misdemeanor punishable by fine . . . . ; (d) The court may order that the driver's license of a person convicted of a second or subsequent offense under this section be suspended . . . ") [Emphasis added]. This language is comparable to what the Legislature uses in criminal offenses outlined in the Texas Penal Code. *See, e.g.*, TEX.PENAL CODE ANN. § 49.04 (Driving While Intoxicated: "(a) A person commits an *offense* if the person is intoxicated while operating a motor vehicle in a public place. (b) . . . [A]n *offense* under this section is a Class B misdemeanor, with a minimum term of confinement of 72 hours. (c) If it is shown on the trial of an *offense* under this section that at the time of the *offense* the person operating the motor vehicle had an open container of alcohol in the person's immediate possession, the *offense* is a Class B misdemeanor, with a minimum term of confinement of six days.") [Emphasis added].

In contrast, section 545.101(b) does not use words like "offense" or "criminal." This leads me to believe that the Legislature deliberately chose not to make the statute criminal in nature. As a result, in my opinion, it was not a clear abuse of discretion for the trial court to find that section 545.101(b) does not create a "criminal act."

Nor do I agree with the majority's broad interpretation of the phrase "criminal act" as used in section 33.004(j). I find persuasive the Washington Supreme Court's reasoning in *Van Riper v. Constitutional Government League*, 96 P.2d 588 (Wash. 1939). The *Van Riper* court stated it interpreted the phrase "criminal violation of the law" differently in a civil context than it would in a criminal action. *Id.* at 590. Resting its holding on the distinction between serious and nonserious

3

crimes, the *Van Riper* court held a traffic violation, although a misdemeanor and technically a crime, is not popularly considered to be a criminal act. *Id.* at 591. It reasoned that to "apply the word 'criminal' to the act of one, who under the circumstances here present, exceeded a speed limit or failed to stop before entering an arterial highway, is either to ignore the common usage of the term or else to imply that practically everyone who has ever driven an automobile is a criminal." *Id.* The Washington Supreme Court reaffirmed the *Van Riper* holding in *Allstate Insurance Company v. Peasley*, 932 P.2d 1244, 1248 (Wash. 1997) stating the correctness of *Van Riper* is "reflected by the fact that most traffic offenses are no longer part of the criminal code." *Id.* The same is true in Texas, where most traffic offenses are found in the Transportation Code.

For these reasons, I disagree with the majority's holding that the trial court clearly abused its discretion in finding that a minor traffic violation—a Class C misdemeanor such as section 545.101(b) of the Transportation Code—is not a "criminal act." As a result, I would deny Windstar's petition for a writ of mandamus.

August 26, 2022

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.