**Opinion issued February 1, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-23-00323-CV**

————————————

**IN RE J & R MULTIFAMILY GROUP LTD**, **Relator**

---

**Original Proceeding on Amended Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator, J & R Multifamily Group Ltd, has filed an amended petition for a writ of mandamus,[1] challenging the trial court's February 28, 2023 order denying relator's "Motion for Leave to Designate John Doe, Unknown Criminal Assailant as Responsible Third Party" (the "motion for leave to designate"). In its sole issue,

---

[1] Relator previously filed a mandamus petition, which the Court denied without prejudice to refile a petition for writ of mandamus that complied with the Texas Rules of Appellate Procedure. *See In re J & R Multifamily Grp. LTD.*, No. 01-23-00323-CV, 2023 WL 3743185, at *1 (Tex. App.—Houston [1st Dist.] June 1, 2023, orig. proceeding) (mem. op.).

relator contends that the trial court erred in denying its motion for leave to designate.

We conditionally grant the amended petition.[2]

## Background

The underlying proceeding arises out of a sexual assault of real party in interest, Jane Doe. In her original petition, real party in interest alleged that she "was a tenant at The Worthington at The Beltway Apartments" (the "Premises"), "when on February 6, 2022[,] she was brutally raped at gunpoint on the [P]remises." According to real party in interest, she stepped out of her apartment and "[w]hen [she] returned to enter the apartment, a man" (the "perpetrator") "[snuck] up behind her and put his foot in the doorway to stop her from closing the door." Real party in interest subsequently discovered that she had been impregnated by the perpetrator. Real party in interest did not know the perpetrator, who remains unidentified and not apprehended.

Real party in interest further alleged that the Premises were owned by relator

---

[2] The underlying case is *Jane Doe v. J&R Multifamily Group Ltd d/b/a The Worthington at The Beltway a/k/a Worthington Apartments and Casa Nube En Bissonnet, and J&R Multifamily Management LLC*, Cause No. 2022-71136, pending in the 189th District Court of Harris County, Texas, the Honorable Tamika Craft-Demming presiding.

and managed by J&R Multifamily Management LLC ("J&R Management").[3] According to real party in interest, "[t]he gates [at the Premises] did not function properly, there was no security, and no functional security cameras." Further, prior to the sexual assault, real party in interest did not receive any warnings of criminal activity on the Premises, even though relator and J&R Management "were aware (or had reason to know) of frequent violent criminal activity occurring in close proximity to . . . and on the Premises." Real party in interest further alleged that her injuries were "a direct and proximate result of [relator's and J&R Management's] failure to take appropriate action and properly safeguard the [P]remises." Real party in interest brought various claims against relator and J&R Management, including negligence, gross negligence, premises liability, and violations of the Texas Deceptive Trade Practices Act ("DTPA").[4]

On December 29, 2022, relator answered, generally denying the allegations in real party in interest's original petition and asserting:

> Pleading further and without waiving the foregoing, [relator] assert[s] that the incident in question was proximately caused or solely proximately caused by the negligent and/or wrongful and/or criminal conduct of third-parties outside the control of [relator].

On January 24, 2023, relator filed an amended answer, asserting in relevant part:

---

[3] Although relator and J&R Management jointly filed numerous documents in the trial court, including an original answer, an amended answer, and a motion for leave to designate, J&R Management is not a party to this mandamus proceeding.

[4] *See* TEX. BUS. & COM. CODE ANN. §§ 17.41–.63.

Pleading further and subject to the foregoing, without waiving same, [relator] herein would show that the incident complained of in [real party in interest's] [o]riginal [p]etition was caused by the criminal acts of an unidentified individual over which [relator] had no control. According to the [real party in interest's] [o]riginal [p]etition, on or about . . . February 6, 2022, [she] was sexually assaulted in her apartment at 1350 Greens Pkwy, Houston, Texas 77067. Said criminal acts by the unidentified [perpetrator] were either the sole cause, or in the alternative, a proximate cause, and/or a producing cause of the incident and injuries made the basis of this litigation.

That same day, relator filed a motion for leave to designate. In its motion for leave to designate, relator stated in pertinent part:

> This is a personal injury action involving an alleged sexual assault at an apartment complex on or about February 6, 2022, at 1350 Greens Pkwy in Houston, Texas 77067.
>
> [Real party in interest] alleged:
>
> [Real party in interest] was a tenant at the Worthington at [T]he Beltway Apartments when on February 6, 2022, she "was brutally raped at gunpoint on the premises" after "a man [sic] (correct spelling: snuck) up behind her and put his foot in the doorway to stop her from closing the door. He then slammed [real party in interest] down on the floor so hard that she believed her back was broken. The man put a gun to her head and started pulling off her pants... He then repeatedly raped [real party in interest]. The man penetrated her vagina with his penis and his fingers several times and ejaculated into her vagina at least twice.[]"
>
> . . . [I]t appears there is only one unknown suspect involved in the [sexual assault]. As such, [relator] would show that [real party in interest's] alleged injuries were caused in whole or in part by the criminal conduct of an unknown criminal assailant and request to designate John Doe as a responsible third party.

Real party in interest objected to the motion for leave to designate and

4

asserted that relator's amended answer "fail[ed] to specify which 'incident complained of' was caused by the criminal acts of the unidentified assailant." Real party in interest further argued that relator's amended answer "lack[ed] sufficient clarity to warrant designation of a responsible third party" because it prefaced the description of the sexual assault with the phrase "according to [real party in interest's] [o]riginal [p]etition." According to real party in interest, the trial court should deny the motion for leave to designate because relator failed "to comply with the requirements of [Texas Civil Practice and Remedies Code] [s]ection 33.004(j)."

On February 28, 2023, the trial court held a hearing on relator's motion for leave to designate. During the hearing, real party in interest asserted that relator's "amended answer and . . . original answer fail[ed] to admit th[at] [real party] was raped on the [Premises] or that an unknown person even committed a criminal act that caused [real party in interest's] injuries." Real party further asserted:

> [T]he [a]mended [a]nswer [was] full of contradictions; and, therefore it fail[ed] to satisfy the pleading requirement and d[id] not give fair notice of the claims. On the one hand, it sa[id] [real party in interest] allege[d] [she] was assaulted. On the other hand, it sa[id] her allegations [were not] true. There [could not] be a responsible third-party if her allegations [were not] true.
>
> Next, [relator] sa[id] that the [sexual assault] was caused by the negligence of third-parties. Then [relator] sa[id] that the allegation was caused by the criminal acts of an unknown individual. Which [was] it, third-parties or an unknown individual, negligent conduct or intentional criminal conduct?

5

And then, last by not least . . . [relator] [did not] say that [real party in interest] was raped by a male, [did not] describe him as a male, [did not] describe the individual at all, whatsoever. [Because relator had] not identified or attempted to identify this person in [its] amended answer; and, therefore, that amended answer fail[ed] to meet the pleading requirement and [relator] should not be allowed to designate a responsible third-party.

With respect to its pleadings, relator responded that although real party in interest suggested that relator had "to admit that there was a rape before [relator] c[ould] say that there was a responsible third-party . . . that did it[,]" and "alternative pleadings in the State of Texas . . . [dictated otherwise, namely, that relator] c[ould] deny what happened [to real party in interest].

The trial court, at the hearing, noted that it "believe[d] that [it was] under strict guidance from - - the Supreme Court in *Gonzales*[5] . . . to strictly enforce the requirements of . . . [subsection] (j) of [Texas Civil Practice and Remedies Code section] 33.004[,]" and expressed concern that relator did not specify whether the unknown person was a male or female. Relator informed the trial court that such identifying information was included under the "Facts" section of its motion for leave to designate. Real party in interest asserted, however, that the identifying information was supposed to be in relator's amended answer and not in the motion for leave to designate.

When asked by the trial court if there were "any characteristics of the

---

5     *See In re Gonzales*, 619 S.W.3d 259 (Tex. 2021).

alleged [perpetrator] in the police report," relator responded in the negative, informing the trial court that the "police report" only said "[u]nknown [s]uspect." Relator explained that because there was "nothing else that would help [relator] identify" the perpetrator, relator was relying on Texas Civil Practice and Remedies Code section 33.004(j), and if the trial court were "to not hold . . . this unknown and unidentified individual . . . as a responsible third-party [it would] completely circumvent[] the purpose of . . . th[at] provision."

At the conclusion of the hearing, the trial court in addressing relator, stated:

I think what troubles the Court most is that -- and maybe I'm wrong. But can you show me where you, at least, identified the alleged John Doe as a male.

In response, relator stated that it had "assumed that [the perpetrator] was a male because [real party in interest] claim[ed] she was raped and, ultimately, impregnated." The trial court ruled, "based on pleadings of both parties and the responses and arguments of counsel, [that relator's] motion [for leave to designate] [be] denied.[6]

Subsequently, relator filed an amended petition for writ of mandamus, requesting that this Court grant its petition and direct the trial court to grant its motion for leave to designate.

---

[6]    By order, signed the same day the hearing took place, the trial court sustained real party in interest's objections and denied relator's motion for leave to designate.

7

## Standard of Review

"Mandamus relief is warranted when a trial court clearly abuses its discretion and the relator has no adequate remedy by appeal." *In re YRC Inc.*, 646 S.W.3d 805, 808 (Tex. 2022) (orig. proceeding); *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it "fails to analyze or apply the law correctly." *In re Nationwide Ins.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). This Court must "defer to [a] trial court's factual determinations while reviewing its legal conclusions de novo." *In re Makris*, 217 S.W.3d 521, 523 (Tex. App.—San Antonio 2006, orig. proceeding). A party ordinarily lacks an adequate remedy by appeal when a trial court erroneously denies a party's motion for leave to designate a responsible third party. *See In re Mobile Mini, Inc.*, 596 S.W.3d 781, 787–88 (Tex. 2020) (orig. proceeding); *In re Coppola*, 535 S.W.3d 506, 509–10 (Tex. 2017) (orig. proceeding).

## Motion for Leave to Designate Responsible Third Party

In its sole issue, relator argues that the trial court erred in denying its motion for leave to designate because relator met the requirements of Texas Civil Practice and Remedies Code section 33.004(j).

## A.    Responsible-Third-Party Statute

Texas Civil Practice and Remedies Code chapter 33 governs the designation of a responsible third party, known and unknown. Texas Civil Practice and Remedies Code section 33.004(j) governs the designation of unknown third parties, and provides:

> Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:
>
> (1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;
>
> (2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and
>
> (3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.[7]

---

7    Texas follows a "fair notice" standard for pleadings in civil cases. *See Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *In re Cordish Co.*, 617 S.W.3d 909, 913–14 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding) (referencing fair notice pleading standard under Texas Rule of Civil Procedure 47 as it pertains to pleading facts in motion for leave to designate responsible third party). "A trial court may not review the truth of the allegations or consider the strength of the defendant's evidence." *In re CVR Energy, Inc.*, 500 S.W.3d 67, 80 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (internal quotations and citations omitted).

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(j). Thus, within sixty days of filing its original answer, a defendant must file an answer including an allegation that an unknown person committed a criminal act that was a cause of the loss, and all of the known identifying characteristics of the unknown person as a responsible third party. *See id.* In considering whether a defendant has pleaded sufficient facts under section 33.004(j), a trial court may consider those facts alleged in the answer and in the motion for leave to designate the unknown person. *See In re Windstar Trucking, LLC*, 657 S.W.3d 474, 483 (Tex. App.—El Paso Aug. 26, 2022, orig. proceeding).

**B.      Amended Answer, Motion for Leave to Designate, and Response to Motion for Leave to Designate**

Relator filed its original answer on December 29, 2022, asserting in relevant part:

> Pleading further and without waiving the foregoing, [relator] assert[s] that the incident in question was *proximately caused* or solely proximately caused by the negligent and/or wrongful and/or *criminal conduct of third-parties* outside the control of [relator].

(Emphasis added). On January 24, 2023, within sixty days of filing its original answer, relator filed an amended answer, which stated in pertinent part:

> Pleading further and subject to the foregoing, without waiving same, [relator] herein would show that the incident complained of in [real party's] [o]riginal [p]etition was caused by the *criminal acts* of an *unidentified individual* over which [relator] had no control. According to the [real party interest's] [o]riginal [p]etition, on or about . . . February 6, 2022, [she] was sexually assaulted in her

10

apartment at 1350 Greens Pkwy, Houston, Texas 77067. Said criminal acts by the unidentified [perpetrator] were either the sole cause, or in the alternative, a *proximate cause*, and/or a producing cause of the incident and injuries made the basis of this litigation.

(Emphasis added). Relator's motion for leave to designate, also filed on January 24, 2023, stated:

> This is a personal injury action involving an alleged *sexual assault* at an apartment complex on or about *February 6, 2022*, at *1350 Greens Pkwy in Houston, Texas 77067*.
>
> [Real party in interest] alleged:
>
> [Real party in interest] was a tenant at the Worthington at [T]he Beltway Apartments when on February 6, 2022, she "was brutally *raped at gunpoint* on the premises" after "a man [sic] (correct spelling: snuck) up behind her and put his foot in the doorway to stop her from closing the door. He then slammed [real party in interest] down on the floor so hard that she believed her back was broken. The man put a gun to her head and started pulling off her pants… He then repeatedly raped [real party in interest]. The man penetrated her vagina with his penis and his fingers several times and ejaculated into her vagina at least twice.[]"
>
> . . . [I]t appears there is only one unknown suspect involved in the [sexual assault]. As such, [relator] would show that [real party in interest's] alleged *injuries* were *caused* in whole or in part by the *criminal conduct* of an *unknown criminal assailant* and request to designate John Doe as a responsible third party.

Real party in interest objected to the designation of John Doe as a responsible third party on the grounds that relator's amended answer "fail[ed] to specify which 'incident complained of' was caused by the criminal acts of the unidentified [perpetrator]" and "lack[ed] sufficient clarity."

11

At the outset, it is undisputed that relator's amended answer, filed less than one month after the original answer, was timely filed pursuant to Texas Civil Practice and Remedies Code section 33.004(j). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(j); *In re Echols*, 569 S.W.3d 776, 782–83 (Tex. App.—Dallas 2018, orig. proceeding) (designation of unknown person whose criminal act caused plaintiff's loss, to be made "not later than 60 days after filing of defendant's original answer"). It is likewise undisputed that relator's motion for leave to designate, filed on the same date as the amended answer, was timely filed.

Texas follows a "fair notice" standard for pleadings in civil cases—a party meets that standard when the opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence which might be relevant to the controversy. *See Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). "To plead sufficient facts on a motion for leave to designate a responsible third party under [Texas Civil Practice and Remedies Code] [s]ection 30.004, a movant must satisfy only this fair-notice requirement." *In re YRC Inc.*, 646 S.W.3d 805, 809 (Tex. 2022). "So long as a party can ascertain from the pleading the nature, basic issues, and type of evidence that might be relevant to the controversy, a pleading satisfies the [fair-notice] standard." *Id.* at 809–10; *see also Windstar Trucking, LLC*, 657 S.W.3d at 485 (applying "fair notice" standard to relator's motion for leave to designate unknown responsible third party).

Here, relator sufficiently alleged that a criminal act was committed by an "unknown" person as required by Texas Civil Practice and Remedies Code section 33.004(j). Relator's identification in its amended answer of the perpetrator of the sexual assault as "unidentified" is sufficient to satisfy Texas Civil Practice and Remedies Code section 33.004(j). Although real party in interest, in her response to the petition for writ of mandamus, asserts that the words "unidentified" and "unknown" are not synonymous, and that relator's use of the word "unidentified" constitutes a "substantive" "departure from [section 33.004(j)'s predicate requirement," this assertion is unavailing. We consider the word "unidentified" in context, and not in isolation. *See In re Windstar Trucking, LLC*, 657 S.W.3d at 483 ("Given the enormous power of context to transform the meaning of language, courts should resist rulings anchored in hyper-technical readings of isolated words or phrases."). As such, in the context of assigning responsibility to the perpetrator for sexually assaulting real party in interest, it can be reasonably inferred that there is no meaningful distinction between the two words.

Relator also sufficiently alleged that a crime had occurred under Texas Civil Practice and Remedies Code section 33.004(j)(1), and its allegations satisfied the fair-notice pleading requirement under section 33.004(j)(3). In its amended answer, by alleging that real party in interest was sexually assaulted and providing the date and place of occurrence of the crime, relator satisfied the requirements of

section 33.004(j)(1). *See In re Echols*, 569 S.W.3d at 781 ("Expert medical reports and further discovery [are] not necessary to support an allegation that [an] act, in 'reasonable probability,' was criminal."). Relator further quoted the allegations in more detail from real party in interest's original petition in its motion for leave to designate. *See In re 7-Eleven, Inc.*, No. 13-22-00464-CV, 2023 WL 348018, at *5 (Tex. App.—Corpus Christi-Edinburg Jan. 20, 2023, orig. proceeding) (mem. op.) ("In considering whether [a] defendant has pleaded sufficient facts under . . . [Texas Civil Practice and Remedies Code section 33.004(j)], [a] trial court may consider those facts alleged in the answer and in the motion for leave to designate the unknown person."); *In re Windstar Trucking, LLC*, 657 S.W.3d at 483 ("[P]leaded facts supporting that the unknown person committed a criminal act can appear in the motion for leave.").

Real party in interest's assertion, in its response to the petition for writ of mandamus, that relator failed to provide fair notice of the allegations is without merit. Indeed, relator's repeating the allegation as stated in real party in interest's original petition is evidence of fair notice of the allegation on which relator was relying. Real party in interest's additional assertion that relator's motion for leave to designate did not "cure" any alleged pleading deficiencies in relator's amended answer because the motion described the factual allegations as real party in interest's allegations without adopting them as relator's own, is also without merit.

14

However, real party in interest does concede that relator "is entirely correct that it did not have to admit (or even rely on) [real party in interest's] allegations to satisfy [Texas Civil Practice and Remedies Code] [c]hapter 33."

Finally, relator stated all identifying characteristics of the perpetrator known at the time it filed its answer as required by Texas Civil Practice and Remedies Code section 33.004(j)(2). Relator asserts, in its petition for writ of mandamus, that it did not ignore this pleading requirement. Rather, relator did not have any identifying information, known at the time, to provide in its amended answer. The transcript of the hearing on relator's motion for leave to designate reflects that even the "police report" was scarce on listing identifying characteristics of the perpetrator of the sexual assault and only stated that the suspect was "[u]nknown."

Real party in interest asserts, in her response to the petition for writ of mandamus, that relator could have, but did not, use identifying characteristics of the perpetrator from real party in interest's original petition to satisfy the requirements of Texas Civil Practice and Remedies Code section 33.004(j)(2). But "when construing a statute, we consider its purpose." *In re Windstar Trucking, LLC*, 657 S.W.3d at 484; *see also* TEX. GOV'T CODE ANN. § 311.023 ("In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the . . . object sought to be attained . . .."). And we are confident that the purpose of section 33.004(j)(2) is not to

15

preclude relator from designating an unknown responsible third party when there are no available identifying characteristics to allege, or the available identifying characteristics are blatantly obvious. Real party in interest, in her original petition, alleged that she was impregnated by the perpetrator of the sexual assault. Thus, because it was clear that the perpetrator was a male, it was error for the trial court to deny relator's motion for leave to designate on the ground that relator did not indicate in its amended answer that the preparator was a male.

Additionally, we note that this case is distinguishable from the Texas Supreme Court's decision *In re Gonzales*, which was relied on by the trial court in denying relator's motion for leave to designate. Unlike the facts in *In re Gonzales*, where the amended answer was filed more than two-and-a-half years after the original answer and "contained no allegations about any 'unknown' responsible third party," relator, here, filed its amended answer twenty-six days after its original answer and asserted that "the [sexual assault] . . . was caused by the criminal acts of an unidentified individual." *See In re Gonzales*, 619 S.W.3d at 262.

Because relator satisfied the requirements of Texas Civil Practice and Remedies Code section 33.004(j), we hold that the trial court abused its discretion in denying relator's motion for leave to designate.

## C.  Relator Has No Adequate Remedy by Way of Appeal

The Texas Supreme Court has held that there is no adequate appellate remedy for a trial court's improper denial of a party's timely filed motion to designate a responsible third party. *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 526 (Tex. 2022); *see also In re Windstar Trucking, LLC*, 657 S.W.3d at 488 (noting question of no adequate remedy resolved in relator's favor by Texas Supreme Court, granting mandamus petition, and ordering trial court to vacate order denying relator's designation of John Doe as responsible third party). Allowing a case to proceed to trial despite the erroneous denial of a responsible-third-party designation "would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of the relator's defense in ways unlikely to be apparent in the appellate record." *In re Mobile Mini, Inc.*, 596 S.W.3d at 788. Here, because we have held that the trial court erred in denying relator's timely filed motion for leave to designate, we hold that relator lacks an adequate remedy by way of appeal and mandamus relief is appropriate.

We sustain relator's sole issue.

### Conclusion

We conditionally grant relator's amended petition for writ of mandamus and direct the trial court to vacate its February 28, 2023 order denying relator's

17

"Motion for Leave to Designate John Doe, Unknown Criminal Assailant as Responsible Third Party" and to grant leave for that designation. Our writ will issue only if the trial court fails to act. We dismiss any pending motions as moot. We withdraw our December 20, 2023 order staying the trial setting of January 23, 2024.

Julie Countiss
Justice

Panel consists of Justices Goodman, Countiss, and Farris.